ALBANY,
Oct. 1828.

Whiteside
v.
Jackson.

# WHITESIDE and McGEE vs. JACKSON.

On a bill of exceptions, the party excepting is confined to the point or points excepted to, although all the evidence given at the trial may be contained in the bill. The court cannot take notice of any matter that is not specifically stated as a ground of exception; and, therefore, though in an action of ejectment, it appeared that the day of the demise in the declaration was laid antecedent to the accruing of the plaintiff's title, and that no evidence whatever was given against one of two defendants, the court refused to sustain the objections on a writ of error. An exception to a charge, does not necessarily bring into review all the questions decided in the course of the trial.

ERROR from the Monroe common pleas. This is a writ of error, brought to reverse a judgment rendered in the Monroe common pleas, in an action of ejectment, in the name of James Jackson, on the demise of William W. Mumford, against Whiteside and McGee. The demise in the declaration was laid on the 1st July, 1826. The suit was commenced in June, 1827, and the cause tried in October of the same year. The plaintiff proved by one Joseph Field, that in the summer of 1826, in the month of July or August, but possibly in the month of June, (as stated by the witness,) that he, Field, and one Derick Sibley, by virtue of an authority from the lessor of the plaintiff, and as his agent, called upon the defendant, Whiteside, and offered to sell him the lot on which he then lived for $75; ten per cent. to be paid down, and the remainder in three annual instalments; and showed Whiteside an article for the lot, agreeable to the above terms, signed and sealed by the lessor of the plaintiff. Whiteside was sick; said he could not then make out the ten per cent. but could pay one dollar and the balance soon. Field and Sibley agreed to the proposition. Whiteside signed the article, paid the one dollar, and agreed to pay the remaining $6,50 in a fortnight. Sibley was to keep the article until that payment was made, and then deliver it to Whiteside. Sibley confirmed the testimony of Field. About three months afterwards, Field asked Whiteside if he intended to pay the money and take his article. Whiteside requested further time, which Field refused to give; upon which Whiteside told him he must then sell the lot. The plaintiff rested, and the defendants applied for a nonsuit up-

Though a jury find a verdict against evidence, the error cannot be corrected on a bill of exceptions; the remedy is by motion for a new trial.

Where a person in possession of land, enters into a contract for the purchase, such act is a recognition of the vendor's title, and precludes the purchaser from denying it; and in case of forfeiture, he is a mere tenant at will, and not entitled to notice to quit; and on failure to make payments according to the terms of the contract, an action of ejectment lies to recover the possession.

on the following grounds : 1. That if the contract between the lessor of the plaintiff and Whiteside was considered as consummated, Whiteside was entitled to notice to quit, which had not been given ; 2. If the contract was inchoate, there was no such privity between the parties, as would entitle the plaintiff to recover without proof of title ; and 3. That there was no acknowledgment of title in the lessor, of as early a date as the day of the demise laid in the declaration.  The motion for a nonsuit was denied by the court.

The defendants then proved by three witnesses, that by the agreement between Field and Whiteside, the latter was to have time to pay the balance of the ten per cent. until he recovered from his sickness ; that the time of payment was not limited to a fortnight, but left indefinite.   They further proved, that in February, 1827, Field demanded payment of Whiteside, and that in the same month, a tender of the $6,50 was made to Sibley and to the lessor of the plaintiff ; and that on the 1st July, 1827, when the first instalment fell due, according to the article, a tender of $27 in specie, was made.   Field further testified, that he was not authorized to make any sales without securing the ten per cent. ; that the one dollar paid by Whiteside, was received as pay for the trouble, in case the balance was not paid.   If the balance had been paid, the one dollar would have been applied as part payment ; but it had not been indorsed on the article.   It was proved that when Whiteside went into possession of the lot, he knew not to whom it belonged, and expressed a wish to purchase.

In the bill of exceptions attached to the record, after a detail of the testimony, it is stated, that the defendant's counsel insisted that the evidence was not sufficient to entitle the plaintiff to a verdict, and prayed the judges so to instruct the jury ; and the judges did then and there declare and deliver their opinion to the jury, that if they the said jury were of opinion, from the evidence given, that the agreement between the lessor of the plaintiff and Whiteside was not consummated, the plaintiff was entitled to recover ; whereupon the counsel for the defendants excepted to the aforesaid opinion of the

said judges. The jury found a verdict for the plaintiff, on which judgment was rendered.

*R. Beach*, for plaintiffs in error. The contract for the purchase was not such an acknowledgment of the title of the plaintiff as dispensed with the production of a regular paper title. The demise was laid in the declaration previous to the accruing of the plaintiff's title, if dependent upon the acknowledgment of Whiteside. The contract was made in July or August, 1826 ; for it will not be intended to have been made in June, because it was possible to have been then made, and the demise is laid on the 1st July. By the terms of that contract, Whiteside being in possession, was entitled to remain in possession, at least until the expiration of the fortnight, in which he was to make his first payment ; consequently, the plaintiff had no right of entry on the 1st July. In the case of a tenancy at will, the demise cannot be laid on a day antecedent to the determination of the will. (1 *T. R.* 383. 13 *Johns. R.* 111.) If the possession of Whiteside was lawful, the plaintiff was not entitled to recover without a previous notice to quit. (9 *Johns. R.* 330. 13 *East*, 210.) There was no evidence against McGee, one of the defendants.

*F. Whittlesey*, for defendant. The acknowledgment of the plaintiff's title by the agreement to purchase, dispensed with the proof of a paper title. Having once acknowledged the title, the defendant was not at liberty afterwards to dispute it. (1 *Caines*, 444.) The defendant entered without claim of title ; his possession was in subserviency to the plaintiff's title, which he admitted. The agreement gave him no right of possession. The plaintiff's title may therefore well be considered as having accrued on the day laid in the declaration. (16 *Johns. R.* 293. 9 *Johns. R.* 35.) Tenants holding under an agreement to purchase, are not entitled to notice to quit. (7 *Cowen*, 747. 6 *Johns. R.* 46. 3 *Johns. R.* 422.) As to the defect of proof against McGee, no such objection was taken at the trial.

*By the Court*, WOODWORTH, J. It is well settled, that on a bill of exceptions, the party excepting is confined to the point or points excepted to. Although all the evidence given at the trial may be contained in the bill, the court cannot take notice of any matter that is not specifically stated as a ground of exception. It is urged, in this case, that the contract was subsequent to the time of the demise, or, at all events, the time allowed to the defendant to make the first payment was subsequent; that it does not appear that any evidence was given against McGee, one of the defendants, and yet there is a verdict against both. The answer to these objections is, that it is not stated in the bill that any exceptions were made at the trial on these grounds. The defendant moved for a nonsuit, and stated several grounds, but the defect of evidence against McGee was not one of them. The court overruled the motion; no exception appears to have been taken to this decision; consequently the two points, to wit, a defective demise and no proof against McGee, are not brought before us. We cannot travel out of the bill of exceptions, and decide whether the nonsuit was correctly denied. As to McGee, the other defendant, it does not appear that any notice was taken of him by either party; and yet we cannot affirm that no evidence was given to implicate him. In a bill of exceptions, it is only necessary to detail so much of the evidence as may be necessary fully to present the point of exception.

The counsel for the defendant seem to have acted under an erroneous impression, that an exception to the charge necessarily brought into review all the questions decided in the course of the trial. This is clearly a misapprehension of the rule which governs when a bill of exceptions is taken.

Having disposed of these points, the only question remaining is, whether there was a subsisting contract when the action was commenced.

A contract of sale and purchase was made and subscribed by the parties. It would have been more satisfactory, if the written contract had been inserted in the bill; as it is not, we must collect the contents from the testimony of Field. He

ALBANY,
Oct. 1828.

Whiteside
v.
Jackson.

says, the terms were, ten per cent. to be paid down, and the remainder in three annual instalments, and *that the article was drawn agreeable to these terms ;* from which I understand, that by the article, it was stipulated that Whiteside should pay down ten per cent.   Such a contract has been held over and over again in our courts, a recognition of the vendor's title, and precludes the purchaser from denying it.   In case of forfeiture, he is a mere tenant at will, and not entitled to notice to quit.   By entering into the contract, Whiteside rested on the right acquired under it ; if that fails, the plaintiff is entitled to recover : so that the question is, was the contract consummated, or, in other words, has the defendant done enough to avail himself of the protection afforded by the contract ?

This question may be considered in two points of view : 1. Was the article delivered to Sibley as an escrow, liable to *be enforced by the defendant,* if within a fortnight he paid the ten per cent. ?  2. If not so delivered, but only for safe keeping until the money was paid, then what are the rights of the defendant under it ?  In either point of view, I think the result will be the same.

The question whether the contract was consummated was properly submitted to the jury.   The defect in the charge is, in not stating to the jury whether, if the money was not paid in a fortnight, the contract was at an end.  As far as the court went, there was no error ; they were not called on by the counsel to go farther.  The omission, therefore, to state the law more particularly as it arises on this case, is not the subject of an exception.   If the article is to be considered as an escrow, then, by reason of the non-payment at the time appointed, the defendant's right to claim any thing under it ceased ; and the vendor's right at law to recover the land became perfect, because, by the contract, the defendant had admitted the plaintiff's title, and had failed to comply with the conditions, which, if performed, would have given him a right to retain the possession.

But if this was not a delivery upon condition, then it stands on the footing of a contract ; whereby the plaintiff agrees to

ALBANY,
Oct. 1828.

Whiteside
v.
Jackson.

sell, and the defendant agrees to pay ten per cent. *down*, and the residue in three yearly instalments. Now the legal operation of such a contract is, that if the party fails to make payments as stipulated, for any default, an action of ejectment lies to recover the possession. It is evident the defendant did not pay down the ten per cent. according to the written article, by which he bound himself to pay it immediately. Admitting the principle, that a written contract, before it is broken, may be extended as to the time of performance, and that the plaintiff's agent did extend the time for paying the ten per cent., still the defendant failed to comply ; for although there is some collision in the testimony, as to the time given to pay, the weight of evidence is, that it was a fortnight, and so the jury must have found, by giving a verdict for the plaintiff. They must have been satisfied that the contract was not performed on the part of the defendant, and therefore found against him. The ground of non-performance, is the non-payment of the money at the time appointed. Besides, it appears the agent was not authorized to extend the time.

These remarks are made to show that the jury arrived at a correct conclusion, and that the cause has been properly disposed of. But had it been otherwise, and the jury had found against evidence, it could not be corrected on the bill of exceptions ; it would be matter on which to found a motion for a new trial.

On the whole, it appears to me that the exception taken at the trial cannot be supported, and that the judgment of the court below must be affirmed.

*Judgment affirmed.*