By the Court, Cowen, J.
The misjoinder should have been objected to by demurrer. It was too late to raise the point bn error.
The question as to damages was improper; but not on the grounds taken. It was for the justice to say whether there was, at the stage of the cause when the question was put, sufficient proof of the defendant having injured the horse by ill usage. There had been evidence enough given to warrant him in drawing the inference. The second objection was not well founded in fact or in law. The true ground was not taken at all, nor hinted at till after the question had been answered. By taking specific grounds of objection which are wrong, the party is always considered as waiving the true ground ; and in effect, therefore, as not obj ecting at all. Had the defendant said, damages cannot be thus proved by opinion, the objection would, I admit, have been valid. The attention of the magistrate would *611 then have been properly called to it, and we must intend he would have decided correctly. The party puts the magistrate on a wrong scent 5 he states for his grounds certain facts which do not exist, or the absence of facts which are well enough proved, or some other ground obviously unavailable. He misleads the justice and the opposite party; and then claims, upon error, to introduce a new ground. To allow this, would be to open the way for trickery unbecoming and disgraceful in the administration of justice. Suppose he had objected because the horse was of a certain age, or for any other frivolous cause. I am not imputing either trickery or frivolity in the particular case. No doubt the grounds in question were urged in good faith; but I am speaking of consequences. They are of sufficient importance to hold the party, not only to the true objection, but the true ground. Expressio unius est exclusio alterius. The true ground is waived by the false, just as much as if the waiver were expressed. The rule should be especially adhered to in proceedings before justices, who are generally laymen, and less qualified than lawyers to see the real ground on which an objection may be placed. The following cases will be found, I think, to support this strictness: Whiteside v. Jackson, (1 Wend. 418 ;) Norman v. Wells, (17 id. 142, 143 ;) Potter v. Deyo, (19 id. 361, 364.)
On the whole, I am of opinion there was no ground for reversing the justice’s judgment, and that the judgment of the common pleas is therefore erroneous.
Judgment reversed.