Mr. Justice DAVIS,
after stating the case, delivered the opinion of the court :
In the view we take of this case it is not important to determine whether the deed tendered was such a one as Von Phul was bound to make, or Gregg obliged to receive. If the deed was justly liable to objections they should have been stated*. 'Gregg is estopped now on the most obvious principles of justice from interposing objections, which he did not even name when the deed was tendered and the money due on the contract demanded. If the deed was defective and the defects pointed out, non constat hut they could have been obviated. There is nothing in the evidence, even tending to show, that Von Phul did not act in good faith. The very silence of Gregg was well calculated to influence the conduct of Von Phul, and to convince him that the want of money was the only reason Gregg had for declining to perform the contract. And it would be against good conscience to permit Gregg now to avail himself of objections which his failure to make when the deed was tendered, must have induced Von Phul to suppose did not exist.
But it is said that Von Phul covenanted to make the deed on the first day of March, eighteen hundred and fifty-seven, when in fact it was not until April, eighteen hundred and sixty. If this is so, it does not appear how the delay has harmed Gregg. He was not asked for payment until long after the contract had matured, and it is fair to presume, in *281 the absence of testimony, that he acquiesced in the delay. At any rate, as he made no complaint that the deed was no.t tendered in season, he has waived his right to object to the irregularity. The doctrine of estoppels in pais, or by the act of the party, is founded innatural justice, “ and is a principle of good morals as well as law.” “ The primary ground of the doctrine is, that it would be i fraud in a party to assert what his previous conduct had denied, when on the faith of that denial others have acted.”* No one is permitted to keep silent when he should speak, and thereby mislead another to his injury. If one has a claim against an estate and does not disclose it, but stands by and suffers the estate sold and improved, with knowledge that the title has been mistaken, he will not be allowed afterwards to assert his claim against the purchaser.† And justly so, because the effect of his silence has actually misled and worked harm to the purchaser. And in this case the silence of Gregg concludes him. He cannot now take exceptions to a deed which he failed to perceive when it was tendered to him, or if he knew them, failed to disclose.
But it is contended that Gregg was entitled to notice, to quit.
How far a notice to quit is necessary before an action of ejectment can be brought has been much discussed in England. In this country the authorities are not uniform. In some of the States the subject is regulated by statute law, or by rules of court. In New York the question has been fully considered. The courts of that State hold that where there is a contract of purchase and the vendee enters into possession with the consent of the vendor, that ejectment will lie at the suit of the vendor without a previous notice to quit.‡
Notice to quit is generally necessary where the relation of *282 landlord and tenant exists, and no definite period is fixed for the termination of the estate, but where a lease is to expire at a certain time, a notice to quit is not necessary in order to recover in ejectment, because to hold over would be wrong after the duration of the estate was fixed and well known to lessor and lessee. In an executory contract of purchase the possession is originally rightful, and it may be that, until the party in possession is called upon to restoi'e it, he cannot be ejected without a demand or notice to quit. But the vendee can forfeit his right of possession, and if he fails to comply with the terms of sale, his possession after-wards is tortious, and there is an immediate right of action against him.* Itwould be an idle ceremonyto demandpossession, when to a previous demand for the money due on the contract of purchase, the vendee refused to respond. This refusal, unaccompanied by any promise to pay the money at a future day, was equivalent to a direct notice to Von Phul that Gregg declined to execute the contract.
This action is a possessory one, and it settles nothing but the right of possession. The equities between the parties must be determined in another proceeding.
Judgment aeeermed with costs.

 Doe v. Sayer 3 Campbell, 8; Doe v. Lawder, 1 Starkie, 246.

 Hill v. Epley, 31 Pennsylvania State, 334; Simons v. Steele, 86 New Hampshire, 73; Todd v. Haggart, 22 English Common Law, 268.

 Hill v. Epley, 31 Pennsylvania State, 334; Breeding v. Stamper, 18 B. Monroe, 175.

 Smith v. Stewart, 6 Johnson, 46; Jackson v. Miller, 7 Cowen, 747; Whiteside v. Jackson, 1 Wendell, 418; Jackson v. Moncrief, 5 Id., 26.

 Prentice v. Wilson, 14 Illinois, 92; Baker v. Lessee of Gittings, 16 Ohio, 489.