## BURNETT *v.* CALDWELL.

1. Where a purchaser of real estate fails to comply with the terms of the contract under which he obtained possession; the vendor is at liberty to treat the contract as rescinded, and to regain the possession by ejectment. In such case, in the State of Georgia, and in this country generally, it is not necessary to give notice to quit before bringing the action.

Statement of the case.

2. In ejectment brought under such circumstances an inquiry of the defendant, when examined as a witness, what he gave for the property, how much he had paid, in what manner he had paid, and whether he had paid a valuable consideration, is irrelative.

ERROR to the District Court for the Northern District of Georgia, the case being this:

In 1850, one Rogers being in possession of certain premises for some years, sold them to persons from whom they passed to the Rome Female College. And this college executed a somewhat peculiar deed conveying them to Caldwell. Caldwell being thus in possession and claiming title, sold them in January, 1864, to a certain Vliet. Vliet paid him $4000, and gave him two promissory notes, each for $7000, payable in the course of the year at dates fixed. Caldwell at the same time executed to Vliet a title bond in the penal sum of $36,000, reciting the payment of the $4000 and the delivery of the notes, and conditioned that if Vliet should pay the notes at maturity and Caldwell should thereupon make to him "a good warranty title in fee simple" for the premises, the bond should be void. The bond was silent as to the right of Vliet to occupy the premises, but Caldwell put him in possession. Vliet transferred the bond and delivered possession to Burnett. Nothing having been paid on the notes, and more than three years having expired since the maturity of the one last payable, Caldwell brought ejectment against Burnett to recover possession of the property. He had given him no notice to quit.

On the trial, Burnett the defendant being on the stand, his counsel proposed to ask him what he had given for the property, how much he had paid and in what manner, and whether he had paid a valuable consideration. The court, on objection, overruled the interrogatory.

In addition to this, various questions were made before the court as to whether Rogers had or had not a valid title by virtue of the statute of limitations, whether Caldwell had or had not a perfect paper title, and whether the deed executed by the trustees of the Rome Female College was valid or not.

The court (Erskine, J.) gave instructions on all those points, but in addition instructed the jury that "if a purchaser failed to comply with the terms of a contract under which he obtained possession, the vendor was at liberty to treat the contract as rescinded, and regain the possession by an action of ejectment; that in such case neither a demand of possession nor a notice to quit was necessary; that the ejectment here was not brought to enforce the contract of sale, but to regain possession of the land acquired under it."

Verdict and judgment went for the plaintiff, Caldwell; and the defendant, Burnett, brought the case here.

*Mr. Thompson, for the plaintiff in error,* went into argument to show that the instructions as to the statute of limitations —as to Caldwell's paper title, and the deed executed by the trustees of the Rome Female College—were erroneous; and particularly to show that the instructions above quoted, as to the right to bring ejectment and this without notice, were so.

*Mr. J. E. Brown submitted an able brief contra,* along with a MS. report of a late case, *McHan* v. *Stansel,* in the Supreme Court of Georgia, deciding that, in a case like the present, ejectment might be brought without any notice to quit.

Mr. Justice SWAYNE delivered the opinion of the court.

This is a writ of error to the District Court of the United States for the Northern District of Georgia. The suit was an action of ejectment, prosecuted by the defendant in error to recover possession of the premises described in his declaration. The view which we take of the case renders it unnecessary to consider several of the exceptions which are found in the record. The facts as they appear, and which are undisputed, are as follows:

Caldwell was in possession, claiming title. On the 26th of January, 1864, he sold to Vliet, who paid him $4000, and executed to him two promissory notes, each for $7000, payable, respectively, on the 1st of April and the 1st of July following, with interest from date. Caldwell at the same time executed to Vliet a title bond in the penal sum of

$36,000. It recited the payment of the $4000 and the exe·
cution of the notes, and was conditioned that if Vliet should
pay. the notes at maturity, and Caldwell should thereupon
make to him "a good warranty title in fee simple" for the
premises, the bond should be void. The bond was silent as
to the right of Vliet to occupy the premises, but Caldwell
put him in possession. Vliet transferred the bond and de-
livered possession to Burnett. Nothing having been paid
on the notes, and more than three years having expired
since the maturity of the one last payable, Caldwell insti-
tuted this suit to oust Burnett and recover back possession
of the property.

The legal principles which must govern the determination
of the case are all well settled. If the contract in such cases
be silent as to possession by the vendee, he is not entitled to
it.* If the contract stipulates for possession by the vendee,
or the vendor puts him in possession, he holds as a licensee.
The relation of landlord and tenant does not subsist between
the parties. The characteristic feature of that relation is
wanting. The vendee pays nothing for the enjoyment of
the property. The case comes within the category of a
license.† In such cases the vendee cannot dispute the title
of the vendor any more than the lessee can question the title
of his lessor.‡ The assignee of the vendee is as much bound
by the estoppel as the vendee himself.§ Upon default in
payment of any instalment of the purchase-money, the pos-
session becomes tortious, and the vendor may at once bring
ejectment.|| Ejectment may sometimes be maintained when
covenant for the purchase-money could not.¶

---

* Suffern v. Townsend, 9 Johnson, 35; Erwin v. Olmsted, 7 Cowen, 229.

† Co. Litt. 52, b; Mumford v. Whitney, 15 Wendell, 380; Dolittle v.
Eddy, 7 Barbour, S. C. 78; Watkins v. Holman, 16 Peters, 54; Blight's
Lessee v. Rochester, 7 Wheaton, 535.

‡ Whiteside v. Jackson, 1 Wendell, 418; Jackson v. Moncrief, 5 Id. 26;
Jackson v. Stewart, 6 Johnson, 34; Hamilton v. Taylor, Little's Select
Cases, 444.

§ Jackson v. Walker, 7 Cowen, 637.

|| 1 Wendell, 418; 5 Id. 26; 7 Cowen, 637, cited *supra.*

¶ Wright v. Moore, 21 Wendell, 230.

In England it is necessary to give notice to quit before bringing ejectment.* In this country, generally, the rule is otherwise.† In the case before us, the question must be decided according to the local law of Georgia. The authorities upon the subject, cited in the brief for the defendant in error, and especially the manuscript case of *McHan* v. *Stansel*, decided by the Supreme Court of that State, at the June Term, 1869, and not yet reported, establish the proposition that such notice in this case was not necessary.

The plaintiff's lessor was clearly entitled to recover upon these grounds. This renders it immaterial whether Rogers had or had not a valid title by virtue of the statute of limitations, whether Caldwell had or had not a valid title under the same statute, or a perfect paper title, and whether the deed executed by the trustees of the Rome Female College was valid or not. Resolving all these questions in the negative, the right of the plaintiff's lessor to recover was not affected. The instructions relating to these subjects may, therefore, be laid out of view. In any just view of the subject they could have worked no injury to the plaintiff in error.

The testimony offered as to the amount paid by Burnett to Vliet for the property was irrelevant, and was properly excluded.

In *Marlin* v. *Willink*,‡ where the leading facts were substantially identical with those upon which the questions before us have arisen, Judge Duncan said: "This is the plainest case in the world." Ejectment was held to have been properly brought by the vendor, and a judgment in his favor was sustained. Whatever relief the plaintiff in error may be entitled to must be sought in equity. He can have none at law.

JUDGMENT AFFIRMED.

---

* Right *v.* Beard, 13 East, 210; Doe *v.* Jackson, 1 Barnewall & Cresswell, 448.

† 7 Cowen, 63; 7 Barbour, S. C. 74, cited *supra.*

† 7 Sergeant & Rawle, 297.