S. B. SEAT, Executor, *v.* S. S. KNIGHT and others.

### October Term, 1876.

VENDOR WHO HAS RETAINED THE TITLE HAS A RIGHT TO RENTS AND DAM-
AGES FOR WASTE. — A vendor by title-bond is, after a decree ascertaining
his demand and enforcing his lien on the land sold, entitled to reach, for
the satisfaction of his debt, rents not reduced to possession by the heirs of
the vendee, and the liability of third persons for waste committed after the
rendition of his decree.

*Gaut, Ozment & Gaut,* for complainant.
*R. L. Morris,* for defendants.

THE CHANCELLOR: — The principles upon which the
rights of the parties in this case turn were considered and
determined by me at the October term, 1875, upon the
demurrers filed to the bill. I then held that the complain-
ant, by virtue of his lien as vendor, in right of his testator,
and the decree of the Supreme Court subjecting the land sold
to the satisfaction of his debt, was entitled to reach any
rent of these lands not actually reduced to possession by
the heirs of the vendor, and any liability of third persons
for damages for waste. He is, of course, entitled to recover
of and from any of the defendants the amount of any
waste committed since the rendition of the decree of the
Supreme Court ordering the lands to be sold. *Wright* v.
*Atkyns,* 1 Ves. & Bea. 313; *Goodman* v. *Kine,* 8 Beav. 379.

Since the argument on the demurrer, the opinion of
Nicholson, C. J., in *Morford* v. *Hamner,* at Jackson, in
1875 (3 Baxt. 391), has been published. That decision is,
in brief, that where land is sold and conveyed by deed, the
vendor only retaining a lien for the payment of the pur-
chase-money, the purchaser is, by the contract, entitled to
the possession of the land; and it is no part of the contract,
either express or implied, that the vendor, if forced to resort
to his lien, shall appropriate any thing except the land
itself, by sale, to the satisfaction of the unpaid purchase-

money, and that, consequently, the vendor is not entitled to have a receiver appointed upon the ground that the rents will be necessary to satisfy his demand. The learned counsel for the defendants, starting upon the basis of this decision, undertakes, in an able argument, to show that the same reason applies to the vendor who gives only a bond for title. His argument requires him, however, to assume that the vendee by title-bond is entitled to possession of the land, and that the vendor is not the owner of the land. In the former assumption he is clearly in error, and only correct in the latter *sub modo*. A purchaser of land by title-bond has, at law, only a personal obligation of the vendor, not an interest in the land. *Hopkins* v. *Webb*, 9 Humph. 519. But equity, as soon as a valid contract for the sale of land is made, treats the vendor as holding the legal title in trust for the vendee, subject to his lien for the purchase-money, and the purchaser, the equitable owner, as a trustee for the vendor to the extent of the unpaid purchase-money. *Stephenson* v. *Yandle*, 3 Hayw. 109. But these are precisely the relations of mortgageor and mortgagee towards each other: the mortgagee holding the legal title in trust for the mortgageor, and the mortgageor, the equitable owner, being a trustee for the mortgagee to the extent of the unpaid purchase-money. *Norris* v. *Ellis*, 7 Humph. 463. The analogy is equally true in other respects. The mortgageor, after the execution of the mortgage-deed, was, at common law, considered as a tenant at will, subject to be turned out at any moment (*Henshaw* v. *Ward*, 9 Humph. 568); but with this difference, that as long as he was permitted to remain in possession, he received the rents and profits for his own use. *Matthews* v. *Preston*, 6 Rich. Eq. 307, note. The vendee under a simple bond for title was in substantially the same attitude, being a mere licensee, and, as such, liable, like a tenant at will, to be turned out at any moment. *Lewis* v. *Hawkins*, 23 Wall. 125; *Burnett* v. *Caldwell*, 9 Wall. 290; *Lafferty* v. *Whitesides*, 1 Swan, 143. Our stat-

ute of 1868, 59 (T. & S. Rev. 3243 a), has certainly changed the law in this regard, to the extent of preventing the vendee in possession under a title-bond from being summarily turned out by ejectment. But that act was passed long after the contract under which the complainant claims in this case, and was never intended to affect the rights of the vendor in equity to claim the rents and profits of the land for his payment, where he has never parted with the title, nor otherwise contracted to surrender those rights. The complainant's right to the rents outstanding, and to the liability of third persons for waste, grows out of the legal title retained by the ancestor of the defendants; and he is, therefore, something more than a general creditor of the estate as to these rents. *Medley* v. *Davis*, 5 Humph. 387; *Lofsky* v. *Maujer*, 3 Sandf. Ch. 69. Such a general creditor has no lien upon the rents of land descended until he acquires a lien by judgment or otherwise. *Combs* v. *Young*, 4 Yerg. 218.

I think the decree of the Supreme Court embodies a sufficient and valid judgment, and that the evidence does make out the complainant's case. He may take his decree accordingly; but the costs of this suit, and of the suit of Middleton L. Moore, will be paid out of the funds recovered.