ANN L. DEWEY ET AL., APPELLATS, *v.* GEORGE G. SNYDER, RESPONDENT; AND WILLIAM H. FOLSOM, APPELLANT, *v.* ANN L. DEWEY ET AL., RESPONDENTS.

1. CONFLICT AND TESTIMONY—EFFECT OF AN APPEAL.—Where there is a substantial conflict of testimony upon the material issues in dispute, this court will not disturb the judgment and findings of the court below.

Appeal from the Third Judicial District Court.

Both appeals were heard together.

The facts are stated in the opinion of the court.

*Snow & Hoge*, for Folsom and Snyder.

And as to the facts in that part of the case, as we cannot abbreviate the testimony, and counsel have agreed that the abstract contains all the testimony, that each party might use the whole abstract, we content ourselves with referring the court to it.

We conclude our remarks by suggesting that the receipt of the purchase money by the widow and heirs, from Snyder, or of so much thereof as was coming to them, over and above what was due to Hoyt, was a confirmation of the sale, even though prior thereto they might have objected to it. 2 Smith's Ld. Cases, 5 ed. 662; 2 Dillon on Mun. Corp. 459, note, and authorities there cited; Cooley's Const. Lim. 541.

Though these cases were decided under laws for taking private property for public use, yet so far as payment is concerned, the principle is the same.

This class of property may be acquired by occupancy and improvement, (*Clark* v. *Shultz*, 4 Mo. 235) and transferred by surrender of possession to another, without deed or writing. *Clark* v. *Shultz*, 4 Mo. 235; 11 Johnson's Rep. 145; *Woodworth* v. *Fulton*, 1 Cal. 310; *Grover* v. *Hawley*, 5 Cal. 486; *Norris* v. *Russell*, 5 Cal. 250; 5 Johnson's Rep. 272.

Ann L. Dewey et al. v. George G. Snyder.

The acts of Congress are too numerous to be cited, all being the same in substance. *McMillan* v. *Anderson*, U. S. S. C., present term, No. 12, MSS.

The party in possession is deemed the owner. *Bird* v. *Listras*, 9 Cal. 5; *Gregory* v. *Haynes*, 13 Cal. 595.

*Bennett & Harkness*, for Dewey et al.

The pretended conveyance of the west half of the east half, by the wife, in the lifetime of the husband, was wholly void. *Lowell* v. *Daniels*, 2 Gray, 161; *Concord Bank* v. *Ellis*, 10 Cush. 276.

The respondent assigns as error, the finding that the sale of the seven by ten rods in the southwest corner of the lot was made without the consent of the widow and children of A. L. Lamareaux, deceased.

As to the children, there is no evidence that they knew of or assented to the sale, or received any of the proceeds; and if the affirmation of all these things was fully established, there would be no estoppel. Persons under disability are not estopped unless they have committed a fraud. *Snell* v. *Chicago*, 38 Ill. 382; *Wilkinson* v. *Filby*, 24 Wis. 441.

Boreman, J., delivered the opinion of the court:

These are "town site" cases respecting the same lot. Ann L. Dewey et al. (heirs of Andrew L. Lamareaux), claim title to the whole of lot 2, block 69, plat "A," Salt Lake City survey. George G. Snyder claims title to the east half of said lot; and William H. Folsom claims title to that portion of the west half embracing the southwest corner, and being seven rods west front and ten rods south front. These parties filed their separate claims in the Probate Court for the portions of the lot to which they sought title under the "town site" laws. The whole matter respecting all of these claims, was appealed to the District Court. Findings of fact and conclusions of law were made by the District Court, and by the judgment of that court, the whole of the west half of the lot was

granted to the Lamareaux heirs, and the whole of the east half granted to George G. Snyder, executor of the will of S. C. Snyder, deceased.

The Lamareaux heirs filed their motion for a new trial as to the east half of said lot, and William H. Folsom filed his motion for a new trial as to the seven by ten rods of the west half, claimed by him. Both motions were overruled. And the Lamareaux heirs appealed from so much of the judgment as had reference to the east half of the lot, and from so much of the order overruling the motion for new trial as denies a new trial as to said east half lot.

William H. Folsom appealed from so much of the judgment as gave to the Lamareaux heirs the seven by ten rods claimed by him out of the west half, and from so much of the order overruling the motion for new trial as denies a new trial to him as to said seven by ten rods.

Upon a careful examination of the testimony, we are at a loss to see why either of these appeals is brought to this court. The evidence is very conflicting, and upon every point which either party has raised there is a conflict in the testimony. Where there is a substantial conflict of testimony upon the material points in dispute, this court will not interfere with the judgment of the court below. The findings must stand.

The judgment of the court below is affirmed, with costs.

The other judges concur.