MATTHEW ORR, APPELLANT, v. JOHN T. RICH, AND
ANOTHER, RESPONDENTS.

CONTRACT.—RECISSION OF.—Where defendants agreed to sell to plaintiff land, for which he agreed to pay in live-stock and give his note for any balance remaining unpaid at a certain time, and payment was made of a part and at the time above, a balance remained unpaid, and no note was given at that time and the balance never paid or tendered, and subsequently the plaintiff gave notice to the defendants that the contract was rescinded and demanded repayment of the amount he had paid, on the ground that defendants had failed to convey and on the same day that the notice of recission was given, the defendants tendered a deed which was refused; *held*, that a finding of the trial court that the contract was not rescinded was justified by the evidence.

ID.—POSSESSION OF PREMISES.—In the case above a finding as to whether the vendee surrendered possession of the premises, where the contract is silent as to the possession is immaterial, and refusal to find thereon is not error.

APPEAL.—FINDINGS.—CONFLICT OF TESTIMONY.—Where there is a substantial conflict upon the testimony, the findings of the trial court will not be disturbed.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial. The opinion states the facts, except the following, which are the 3rd, 4th and 5th findings of fact:

3rd. That the defendants were and at all times have been and still are ready and willing and able to give to plaintiff a good and sufficient deed, conveying a good title to the land in question.

4th. That the defendants have at all times treated said contract as in force and binding upon both parties, and it was also so treated by plaintiff at all times until the sixth day of May, 1886, when he vacated the land and caused the notice to be served upon the defendants, a copy of which is hereto annexed, marked exhibit "A," and made a part of these findings. That at the time of the service of said notice as aforesaid plaintiff was in default in having failed

and neglected to perform or offer to perform his part of the contract.

5th. That within two weeks after receiving the notice as aforesaid, the defendants caused a deed duly executed, signed and acknowledged by defendants and W. C. Rydalch, conveying to plaintiff a good title to the land in question, to be tendered to plaintiff, but the plaintiff then and there refused to accept the same.

And the agreement to sell was as follows:

"This agreement, made this seventh day of March, 1879, between James Wrathall and John T. Rich and William C. Rydalch, of the city of Grantsville, county of Tooele, and territory of Utah, the parties of the first part, and Mathew Orr, of the city, county and territory aforesaid, party of the second part.

Witnesseth;—That the said parties of the first part, for and in consideration of the sum of two thousand ($2,000) dollars, paid by the party of the second part, do hereby agree to sell the party of the second part, a certain piece or parcel of land known as the Biddlecome farm, situated in Grantsville city, bounded on the east by Cooley st., and George Whittle lot, on the south by Mary Ann Orr's claim, on the west by James McBride's claim, and on the north by Harrison Severe's claim. It is understood by the parties that the said two thousand dollars is to be paid in stock at the following prices: Yearlings, $8; two year olds, $12; dry cows, $12; three years old and cows with calves, $16; four year old steers and upwards, $20.

The above mentioned stock to be delivered to the parties of the first part, by the party of the second part, when called for, at Mr. Slater's ranch in Rush valley. If any residue of the amount of stock is not delivered by the first day of September, 1879, not to exceed five hundred dollars, the party of the second part agrees to give a note for that amount, drawing six (6) per cent. per annum, from date of said note. No cows to be delivered that are over nine years old."

| Witnesses, | JAMES WRATHALL. |
| THOMAS WILLIAMS. | JOHN T. RICH. |
| JOHN ROWBERRY. | MATT. ORR. |

*Messrs. Sutherland & McBride*, for appellant.

*Messrs. Sheeks & Rawlins*, for respondents.

BOREMAN, J.:

On the 7th day of March, 1879, the defendants (respondents) and the plaintiff (appellant) had an agreement drawn up, wherein the defendants and one William C. Rydalch were named as the parties of the first part, and the plaintiff was named as the party of the second part. The agreement was signed by the defendants and by the plaintiff. Rydalch was not present and did not sign it. In this shape it was left with one Thomas Williams. Rydalch's name was never thereafter signed to it. The purport of the agreement was that the parties of the first part agreed to sell to the party of the second part a certain piece or parcel of land, the consideration being $2,000. The consideration was to be paid in live-stock, at specified rates of value, and to be delivered at a specified place, and if any of the stock, not exceeding $500 in value, should not be delivered by the 1st of September, 1879, the party of the second part was to give a note for such unpaid sum, drawing six per cent. interest per annum. Stock to the value of $1,568 was delivered within the time, leaving the sum of $432 unpaid on the 1st of September, 1879, and to be paid thereafter, and for which a note was, under the contract, to be given. According to the findings not excepted to, the sum last named was never paid or tendered to be paid. The parties not having reached any settlement or conclusion as regards the further performance of the agreement, the plaintiff on the 6th of May, 1885, gave notice to the defendants that the contract was rescinded, and that he had vacated the premises which he had held possession of from the time of making the contract, and he demanded a repayment to him of $1,600, and interest thereon, in all amounting to $2,500. The reason stated in the notice for the rescission was that the defendant had failed to convey or caused to be conveyed to the plaintiff the land in question. On the same day a deed, dated 15th April, 1885, and signed by the defendants and by Rydalch, was shown to the plaintiff, and

he declined to receive it, because it was not acknowledged, and for other reasons. Subsequently, on the 20th day of May or of June, 1885, the same deed, with notary's seal to the acknowledgment, was tendered to him, but it was also declined, on the ground that it was too late, as he had removed from the land and rented another place, and the contract had been rescinded. Thereafter, in September following, the plaintiff instituted this action. Trial being had before the court, a jury having been waived, judgment was rendered for the defendants. A motion for a new trial having been made and overruled, the plaintiff has appealed to this court from the judgment and from the order overruling the motion for a new trial.

The plaintiff assigns as error the making of the third, fourth and fifth findings of fact, as being unsupported by the evidence. We have examined the evidence with care, and find that there was a substantial conflict of evidence on each of the points set forth in the findings. If we should take the evidence in behalf of the plaintiff alone, then of course the findings would be wrong, but this cannot be done. We must take the evidence introduced upon both sides, and then upon the well settled rule (often recognized in this court) if there is a substantial conflict of evidence, this court will not disturb the decision of the court below upon the assumption that it is not supported by the evidence. It is the policy of the law to leave questions of fact very much in the hands of juries, or of the court sitting as a jury, and unless the appellate court can see that the facts proven are very strongly against the verdict or decision, and there is no substantial conflict, it is not justified in holding that there is not evidence to support such verdict or decision. The appellant alleges that the lower court erred in holding that the plaintiff did not, on the facts of the case, rescind the contract. The appellant in his brief lays down the rule to be that "while the law requires consent on both sides to a rescission of a contract, the conduct of the defaulting party may and is often such as only requires the concurrence of the other in order to a rescission. In such a case, only one party takes affirmative action, but it is because the acts of the other imply an abandonment of

the contract." We believe that this language, with the
assumption that the rescinding party is not in fault, pre-
sents the correct rule. Let us apply it to the facts in the
case at bar. There is no proof of the express consent of
the defendants to the rescission. The question arises, then,
whether the conduct of the alleged defaulting party implies
an abandonment of the contract on their part. This is not
an exception to any finding of fact, but an exception to the
the conclusion of law that "the plaintiff is not entitled to
recover." That conclusion is based upon the findings of
fact, and the findings of fact are supported by the evidence,
as we have already seen. To ascertain therefore, whether
the holding that the plaintiff did not rescind is correct or
not, we cannot go behind the findings, but must take them
as a basis. In looking into the findings, we ascertain that
the defendants were always ready and willing to perform
their part of the contract, and had not abandoned it, and
that the plaintiff was in default in not having performed
his part of the contract. There was therefore no abandon-
ment of the contract by the defendants, and there was no
"consent on both sides to a rescission." It is alleged as
error that the court below failed to find on the allegation
as to the surrender of the premises. The contract of sale
was silent as to the possession of the vendee, and, as a con-
sequence, he was not entitled to the possession. *Burnett*
v, *Caldwell*, 9 Wall., 290. There was therefore no necessity
for a finding upon that point. If he was not entitled to
the possession until a completion of the contract, his pos-
session and his subsequent surrender of possession could
not effect the question as to the rights of the parties. It
is alleged as error also that there was no finding as to the
truth of the affirmative matter set up in the answer. It is
assigned for error also that the court admitted evidence as
to the value, and decrease in value, of the premises, and as
to waste. These alleged errors belong to the same class.
The court below in its findings and decision, seems to
have taken no account of the affirmative matter in the
answer, nor of the waste, nor of the value, nor decrease in
value, of the premises. The errors of the court, if such ex-
isted, were harmless to the plaintiff. They did not work

to his injury or damage. If such errors existed and could have worked to the detriment of the plaintiff, they would be ground for reversal, but where they clearly could not have done so, they would not authorize a reversal. It is assigned for error that the court below admitted defendant Wrathal to testify that he was still ready to deliver the deed, and that he was willing that it should be delivered. No point is made on this alleged error in the argument set forth in the brief of the appellant, and we do not deem it material. It was not improper that the defendant should say that he was willing that the deed should be delivered. It tended to show good faith in now being willing to carry out the contract. It is finally assigned as error that the court below permitted John Rydalch to testify as to a conversation he had with one Anderson, who had charge of sheep belonging to plaintiff. The testimony was that Anderson stated that he did not have any sheep of the plaintiff of the kind described. The evidence was of very little importance. The plaintiff had sold the sheep which he had on the previous day offered to defendant Rich. The court found that the plaintiff never offered to make payment of the balance of $432, which it was claimed the plaintiff offered these sheep to pay, and this finding of the court is not excepted to. If there was any error therefore it was wholly immaterial. We see no reason for a reversal of the decision of the court below, and we can see no harm to result to the plaintiff, as the defendants claim to stand ready to complete the contract. The order and judgment of the court below are affirmed.

ZANE, C. J., and HENDERSON, J., concurred.