WILLIAM GARLAND AND THE BEAR LAKE RIVER
    AND   IRRIGATING   COMPANY,   APPELLANTS,   v.
    JOHN McMARTIN, RESPONDENT.

W.  C.  ANNETT  AND  OTHERS,  RESPONDENTS,  v.  WIL-
    LIAM GARLAND AND OTHERS, APPELLANTS.

PARTIES.—MISJOINDER.—NEW PARTIES.—In the court below in a
    proceeding to foreclose a chattel mortgage where the defend-
    ant has answered and set up a counter claim in a cross-com-
    plaint, whereupon the plaintiff answered the cross-complaint
    denying its allegations and asking that a third party be brought
    in as a defendant to the cross-complaint, because a complete
    determination of the rights of the parties could not be otherwise
    had, whereupon the said third party was brought in by order
    of the court and made answer, and trial was had upon the
    whole issue; held that the bringing in of such third party was
    error, notwithstanding statute quoted in brief infra.          °

ID. — ID. — MISJOINDER OF PARTIES DEFENDANT. —Where suit is
    brought by a sub-contractor against the contractor for a bal-
    ance due on work, and the ground alleged is that the meas-
    urements made by the engineer of the owner, to whom all
    measurements were referred by the contract of the sub-con-
    tractor with his contractor, were false and fraudulent, and there-
    upon the contractor made answer denying the complaint and
    asking that the owner be brought in as a party because he
    was necessary to a complete determination of the rights of
    the parties, and such order was made and the owner answered
    and trial was thereupon had ; held that the bringing in of
    the owner was error.

APPEALS by William Garland and appeals by the Bear
Lake, etc., Irrigation Company from judgments and from
orders refusing new trials of the district court of the first
district.   The opinion states the facts, except the following:

The record in the case of *William Garland* v. *John McMartin* shows suit brought to foreclose a chattel mortgage given by McMartin to Garland, with the necessary allegations for foreclosure. McMartin answered, denying the indebtedness and alleged affirmatively that he was a sub-contractor under the plaintiff Garland; that his contract with Garland provided for his doing certain work on the canal of the Bear Lake and River Water Works and Irrigation Company; that this contract provided that the measurements of work McMartin should do for Garland should be made by the engineer in charge of the company's canal; that he had done a certain amount of work but that owing to a fraudulent conspiracy between Garland and the engineer of the company this work done was underestimated; that according to a correct estimate Garland owed him for work done $3,067.57, and that Garland refused to pay such amount, but relied on the measurements of the engineer. The answer of McMartin set up the same facts by way of cross complaint. Thereupon Garland answered the cross-complaint, denying the fraudulent estimates and alleging that in his contract with the company, there was the same provision as to estimates by the engineer of the company; that the estimates complained of were just as binding upon him in his settlement with the company as they were upon McMartin in his settlement with him (Garland); that the company was responsible for the estimates and he was willing to pay whatever sum was found due upon the settlement of what was a correct estimate, and he asked that the company might be made a party and that if the estimates were found incorrect, he might have the same relief against the company that McMartin might obtain against him. The company was served with process after the order was made making it a party; it answered, denying that the estimates were fraudulent, and disclaimed all interest in the subject-matter of the suit.

Trial was thereupon had and findings made by the court

deciding the estimates were incorrect and giving McMartin judgment against Garland for the amount due over and above the chattel mortgage, and giving Garland judgment against the company on the basis of the corrected estimates for $5,907.14. One Bortcher intervened in the action claiming a prior lien upon the mortgaged property, and the judgment adjudged his lien to be prior to that of Garland.

Garland made a motion for a new trial, assigning as the sole ground for new trial the preference of Bortcher's lien. His appeal was from the judgment and order overruling his motion for a new trial.

The Irrigation company made a motion for a new trial and appealed both from the judgment against it and from the order.

The record in the case of *Annett* v. *Garland,* showed a complaint for work done under another contract and an assignment of a second cause of action, the contract being the same as Garland's with McMartin. An answer of Garland was filed as above. Then the Irrigation company was made a party, trial had after it answered, and judgment rendered for Annett against Garland, and for Garland against the Irrigation company.

Both Garland and the Irrigation company appealed in this action as in the former action.

*Mr. W. L. Maginnis,* for the appellant Garland.

His brief argued the question of the estimates. His supplemental brief was in answer to the Irrigation company's brief. He contended that the proceeding was in order to revise the award of the engineer and was an equitable proceeding.

*Wood* v. *C. S. F. & C. R. R.,* 39 Fed. Rep. 52; *Herrick* v. *R. R.,* 27 Vt. 673; *Grant* v. *R. R.,* 51 Ga. 353; *Newland* v. *Douglass,* 2 John. 62; *Burchell* v. *Marsh,* 17 How. 344;

Biglow on Fraud, p. 179-80; 2 Woods Ry. Law, p. 997-998; *Underhill* v. *Van Cortlandt*, 2 John. Ch. 366; *Beam* v. *Macomb*, 33 Mich. 127; 2 Pomeroy Equity, Sec. 871-919.

If the company had not been made a party then it would have required another suit upon the same facts and presumably on the same testimony to settle exactly the same question.

The rule is well settled that in equity all persons interested in the subject-matter of the suit should be made parties. As said in *Wilson* v. *Lassen*, 5 Cal. 114, "A court of equity will not permit litigation by piecemeal. The whole subject-matter and all parties should be before it, and their respective claims determined once and forever."

Story's Eq. Pl. § 76; Bliss on Code Pleading, § 96-97; *Williams* v. *Blankhead*, 19 Wall. 563; *McPherson* v. *Parker*, 30 Cal. 456; *Wilson* v. *Castro*, 31 Cal. 420.

The same rule by the Code is extended to actions at law in this Territory, and all the facts and parties were before the court, and the relief was properly granted.

The Utah Code of Civil Procedure, Compiled Laws of Utah, vol. 2, § 3192, provides: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in, and thereupon the party directed by the court must serve a copy of the summons in the action, and the order aforesaid in like manner of service of the original summons, upon each of the parties ordered to be brought in who shall have ten days or such time as the court shall order, after service, in which to appear and plead; and in case such party fail to appear and plead within the time aforesaid the court may cause his default to be entered, and proceed as in other cases of default, or may make such

other order as the condition of the action and justice may require."

Bliss on Code Pleading, § 161; *Emery* v. *Pease,* 20 N. Y. 62.  *Leonard* v. *Rogan,* 20 Wis. 540; *Forcy* v. *Leonard,* 63 Wis. 353; *Marquat* v. *Marquat,* 12 N. Y. 336. *Magwire* v. *Tyler,* 17 Wall. 253; Baylies Code Pleading, p. 200: *Bell* v. *Merrifield,* 109 N. Y. 202; *People* v. *Supervisors,* 27 Cal. 655; Estee's Pleading, Sec. 332.

*Messrs. Rhodes and Hudson,* for the appellant Irrigation Company.

*Messrs. Dickson and Stone* and *Mr. Ogden Hiles,* for the respondents.

BLACKBURN, J.:

A trial was had before the court.  Judgment was had against Garland for the plaintiffs.  Motion for new trial. Motion overruled and appeal taken by Garland.  Judgment was also given against the defendant company in behalf of Garland.  Motion for new trial by company. Motion overruled, and appeal taken by company.  Suit was commenced against Garland alone.  Garland answered, and asked that the company be made a party defendant. The order was made bringing the company in as defendant, without any alteration or change in the original pleadings, and the defendant company answered.  The defendant Garland contracted with the defendant company to construct its canal.  The contract between the parties contained the following provision: "The work shall be executed under the direction and supervision of the chief engineer of the said canal company and his assistants, by whose measurements and calculations the quantities and calculations of the several kinds of work performed under the contract shall be determined, and whose determination shall be final and conclusive upon

the parties herein." Garland was to construct the entire canal. He sublet a portion of the work to the plaintiffs, and the foregoing provision was incorporated in their contract. The plaintiffs finished their part of the work, and received their pay according to the measurements, estimates, and calculations of the chief engineer of the company. But they claimed that these estimates were wrongful and fraudulent, and the work was remeasured, and new estimates made by other engineers, and the plaintiffs brought this suit for the balance they claimed due. The case was tried by the court without a jury, the evidence was conflicting, and the court found for the plaintiffs, and gave judgment for them. The rule is that the appellate court will not change the finding of a jury when the case is fairly tried, and the evidence is conflicting, and the same rule applies where the trial is by the court. This rule is supported by a great number of authorities. It is sufficient to cite those of our own court. *Dewey* v. *Snyder*, 2 Utah, 344; *Bullion B. & C. Min. Co.* v. *Eureka Hill Min. Co.*, 5 Utah, 3, 11 Pac. Rep. 515; *Orr* v. *Rich*, 5 Utah, 519, 522, 17 Pac. Rep. 261. We think, therefore, the judgment rendered by the court in favor of the plaintiffs against the defendant Garland is correct, and it is affirmed.

Thus far the case is very simple, and is a simple suit at law, without anything in it to involve the jurisdiction of a court of equity. The defendant Garland asked in his answer, without stating any facts justifying the request, that the company be brought in as defendant. It was ordered, and the company answers, and makes a specific denial, and disclaims any interest in the controversy. Here the complication begins. We think the court erred in making the Bear Lake .& River Water Works & Irrigation Company a defendant. It had, and could have, no interest in the controversy between the plaintiffs and Garland. Any judgment in the case would not in the

least affect it. Any controversy it might afterwards have with Garland could not be affected by any finding of fact or judgment made and rendered in this case. The plaintiffs made no complaint agninst the company, and sought no judgment or decree against it. The suit could in no way determine or affect the rights of the company; and the full rights of the parties, plaintiff and defendant, could be settled without involving any right or interest of the company. *Shields* v. *Barrow,* 17 How. 130. The court entered judgment in favor of defendant Garland against the defendant company. There is nothing either in the pleadings or evidence that justifies such a judgment. The question as to the amount the company owed Garland, or whether it owed him anything, was not tried. Entering that judgment, therefore, is error, and it should be corrected. We think the cause ought to be reversed and remanded, with directions to dismiss the case as to the canal company, to vacate all orders and judgments against it, and to affirm the judgment in favor of the plaintiffs against the defendant Garland, and the cause remanded, and the appellant Garland pay the costs of this court; and it is so ordered. This opinion disposes of the case of *Garland* v. *John McMartin and the Bear Lake & River Water Works & Irrigation Company.* In that case the judgment in favor of McMartin on his counter-claim against Garland is affirmed.

The order making the company defendant is reversed, and the judgment against the company in favor of Garland is reversed, and the cause remanded for any further proceedings that may be necessary in accordance with the foregoing opinion, and that the appellant Garland pay the costs of this court.

ANDERSON, J., concurred.

ZANE, C. J., dissented on the ground that the Irrigation Company was properly made a party to the action.