Note.—See under (1) 28 Cyc. p. 684 (1926 Anno); (2) 28 Cyc. p. 679; (3) 28 Cyc. p. 686 (1926 Anno); (4) 28 Cyc. p. 686 (1926 Anno).

## BARKER v. HUTTON et ux.

No. 15268—Opinion Filed Feb. 17, 1925.

Rehearing Denied April 7, 1925.

1. **Vendor and Purchaser — Contract for Deed—Cancellation by Vendor for Nonpayment.**

Where a party enters into a contract for a deed to be delivered to him upon payment of the full contract price and taxes, time being made the essence of the contract, and his failure to make the payment of the purchase price and taxes is made a condition of forfeiture of his rights under the contract, and he fails to make the payments as provided for by the contract, or to make offer or tender of the amount due at or before the trial of an action instituted by the seller to cancel the contract, the judgment of the trial court, canceling the contract and restoring the possession of the property to the seller, will be sustained on appeal to this court.

2. **Same—Contract not Mortgage.**

Such a contract has none of the elements of a mortgage and cannot be construed to be a mortgage.

3. **Continuance — Refusal for Absence of Client.**

Where a cause has been regularly set down for trial by agreement of parties and is reached in due course and no statutory showing is made for a continuance, it is not error for the trial court to refuse a continuance at the request of counsel because of the absence of his client.

(Syllabus by Thompson, C. )

Commissioners' Opinion, Division No. 5.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Thomas Hutton and Lettie Hutton against William Barker for cancellation of a contract for deed to real estate in Muskogee. Judgment for plaintiffs. Defendant brings error. Affirmed.

Eck E. Brook and A. L. Brook, for plaintiff in error.

J. H. Childers, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Muskogee county by Thomas Hutton and Lettie Hutton, defendants in error, plaintiffs below, against William Barker, plaintiff in error, defendant below, to cancel a contract for deed and recover possession of the northerly 33 1-3 feet of the southerly 66 2-3 feet of lot 14, in block 116, in the city of Muskogee.

The parties will be referred to in this opinion as plaintiffs and defendant as they appeared in the lower court.

The plaintiffs claimed to be the owners of the property described and set forth their muniments of title. They alleged unlawful possession in the defendant, and asked for possession and for the sum of $1,940 rents from the 1st day of January, 1915, at the rate of $20 per month. and for writ of restitution.

The defendant answered by way of general denial and cross-petition and set up a written contract for deed, executed between the plaintiffs and defendant, whereby the plaintiffs agreed to sell the property described to the defendant for the sum of $1,100, and that plaintiffs refused to execute a deed to him as provided for in said contract, and asked that plaintiffs take nothing by virtue of the action, and that they be required to execute and deliver to the defendant a warranty deed, conveying the property to defendant. A copy of the contract was attached to the answer as exhibit "A."

The plaintiffs answered the cross-petition of defendant, admitting the contract to have been entered into between the parties on the 19th day of February, 1914, and that, by the terms of the contract, defendant agreed to pay for the property in monthly payments with eight per cent. interest and keep all taxes and insurance paid up in full and that, in the event of failure on part of the defendant to make the payments. the contract was to become null and void and the defendant was to forfeit all payments made on said contract; that defendant had failed, neglected, and refused to make the payments specified in the contract and failed, neglected, and refused to make 66 payments in the sum of $10 each, with interest at eight per cent., which amounted to $1,159.24; that defendant had failed, neglected, and refused to pay the taxes on said property in the sum of $48.43; and prayed that the contract be declared null and void by virtue of the failure of defendant to comply therewith, and that they have judgment for the possession of the property and for the rents, as asked for in the original petition.

Upon these issues the cause was tried to the court without the intervention of a jury, the jury being specially waived. At the close of the testimony, the court rendered judgment in favor of the plaintiffs and against the defendant for immediate possession of the property, cancellation of the contract and ordered writ of ouster to be issued in favor of the plaintiffs for the possession of the property and for costs.

Motion for new trial was filed, heard, and overruled, exception reserved, and the cause comes regularly upon appeal from the judgment of the court by the defendant.

The attorneys for defendant assign three grounds of error, which are as follows:

"(1) The court erred in overruling motion of defendant for new trial.

"(2) The court erred in not causing notice to be issued to the defendant., William Barker, advising him of the day of the trial, which occurred September 27. 1923, at the hour of 7:30 p. m. of said date (night).

"(3) The court erred in not holding that the instant action was one in equity and that an action for foreclosure should have been instituted other than the suit which was brought."

The only evidence in the case is the written contract, copies of which were attached as an exhibit to the pleadings of both plaintiffs and defendant, and testimony of one witness, who held the deed in escrow and the notes, and who testified as to the number of payments made by the defendant on the agreed purchase price, the notes remaining unpaid after demand and on the amount that the defendants failed to pay on the taxes upon the property. The contract introduced was a mere contract for a deed to the property, whereby the defendant was to pay the sum of $1,100 in payments, $25 cash as a down payment. $25 within 30 days from the 28th day of February, 1914. and the balance of the purchase price to be paid at the rate of $10 on the first of each month. bearing interest at the rate of eight per cent. per annum, payable annually, on deferred payments, and 105 notes were made. executed, and delivered to the plaintiffs. The defendant made the first down payment of $25 and the second payment of $25 and paid 39 of the notes and then failed. neglected. and refused to pay the remaining 66 notes, falling due monthly; and failed to pay the interest thereon. and failed to pay the taxes for two years next preceding the filing of this action. which was commenced on the 20th day of March 1923. after the last of the notes was past due. Then. the conditions of the contract had been breached

by the defendant upon his failure to pay the $660 with eight per cent. interest thereon and for failure to pay the taxes, as agreed to in the written contract, and, under the terms of the contract, after the defendant made default in the payment of the consideration and failed to pay the taxes, such failure on his part operated to cancel the agreement for the deed and to discharge the plaintiff from any liability thereunder. The contract provided that all monies paid by the defendant to the plaintiffs should be forfeited, and also provided that time was the essence of the contract in all     conditions thereof. Then, under the undisputed evidence in this case, the defendant breached the contract by failing to pay the balance of the contract price, with interest, and to pay the taxes at the times specified in the contract.

The attorneys for the defendant attempt, in their brief, to have this court to construe the contract for deed as a mortgage, and cite a long list of authorities holding that a deed given as security for a debt, no matter in what form, should be construed by the court as a mortgage. There is no question but what the authorities cited state the law in a proper case, but, in this case, no deed was ever made but the agreement was only a contract for a deed to be executed by plaintiffs and delivered to defendant, after defendant had complied with the conditions of the contract. This he failed to do and, under such circumstances, the contract cannot be construed as a mortgage as security for the payment of a debt, and this condition must be present in any case where the court would be justified in holding such a contract a mortgage. We cannot agree with this contention of attorneys for defendant and in face of the contract we are forced to conclude that the defendant. having violated every condition of the contract by his failure to pay the contract price and the taxes and made no offer to perform either before or at the trial and made no tender of the money due, cannot be held to have any rights as a mortgagor and the court was clearly right in pronouncing judgment in favor of the plaintiffs, under the undisputed evidence, for the possession of the property in this action and canceling the contract.

The contention of the attorneys for defendant that the defendant was deprived of a right to be present and defend in the action is without merit in face of the record in this case. The defendant filed his answer and the case was set down for trial by agreement by the attorney for plaintiffs and the party who employed attorneys for defend-

ant, the identity of whom is not disclosed. The record shows that the former attorney, who had been employed by defendant, withdrew because defendant had not paid him his fee. The case having regularly been set down by agreement of parties for trial and no legal or statutory showing having been made for a continuance, the trial of the cause proceeded regularly on the docket and we are forced to conclude that the defendant was not deprived of any statutory right in this case.

We are, therefore, of the opinion that the judgment of the trial court, under the state of the record, was correct, and should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 39 Cyc. pp. 1605, 1994; (2) 39 Cyc. p. 1612; (3) 13 C. J. p. 138, §36.