## BERGMAN et al. v. LEWIS.

No. 4406.   Decided Aug. 30, 1926.   Rehearing Denied Sept. 22, 1926.
(249 P. 470.)

*S. P. Armstrong*, of Salt Lake City, for appellant.

*B. L. Liberman*, of Salt Lake City, for respondents.

STRAUP, J.

This case was tried to the court. The trial resulted in a judgment in favor of the plaintiffs. The defendant appeals. He brings up only the judgment roll without a bill. He contends the complaint does not state a cause of action and that the court failed to find on a material and necessary issue.

In the complaint is it alleged that on August 25, 1923, the plaintiffs and the defendant entered into a written agreement by the terms of which the plaintiffs sold to the defendant certain described real estate for a consideration of $1,400, of which $100 was to be performed in labor by the defendant and the remaining $1,300 to be paid at the rate of $60 every three months until the full amount was paid; that the agreement provided that time was of the essence, and that, if the defendant failed to make any of the payments as in the agreement provided, the agreement became null and void, and that the defendant was not to have any further interest therein or in the property, and that the plaintiffs were entitled to the possession of it and that all payments made were to be forfeited as liquidated damages; that the defendant on the execution of the agreement went in and still was in possession of the property; and that no payments on account of the agreement were made by the defendant except $30 performed in labor. The plaintiffs prayed that it be decreed that the defendant had no right, title, or interest in the property and that he be ousted therefrom and plaintiffs restored to possession of it, and for general relief.

The contention is that the complaint does not state a cause of action because, (1) it is not averred that the plaintiffs were the owners of the property or entitled to its possession, and, (2) because there was no allega-

tion that the plaintiffs had declared a forfeiture or served or given notice prior to the commencement of the action concelling the contract or demanding possession.

We think the complaint stated a cause of action. As is seen, it was averred that a contract of purchase was entered into and that in pursuance of it the defendant went into possession. The effect of the averment is that the defendant's right to possession was in virtue and in pursuance of the contract entered into with the plaintiffs, and that, if the defendant failed to make the payments as in the contract provided, he was no longer to have any interest in the contract or in the property, and that the plaintiffs thereupon became entitled to the possession of the property; and, a failure of such payments having been averred, the averments of the complaint necessarily imply and are equivalent to a direct averment that the plaintiffs were entitled to the possession of the property. In other words, facts were averred which entitled them to the possession of it. And because of the additional averments that, upon a failure to make the payments as in the contract provided, the contract by its own terms became nul and void and all right, title, and interest of the defendant therein and to the property ceased and all payments made by him forfeited as liquidated damages, a declaration of forfeiture or the giving or serving of notice of forfeiture and demand for posession were not prerequisites to the commencement or maintenance of the action for rescission and possession. Such views are supprted by the authorities. *Thiel v. Miller,* 122 Wash. 52, 209 P. 1081, 26 A. L. R. 523; *Barker v. Hutton,* 109 Okl. 197, 235 P. 170; 2 Black on Rescission and Cancellation, § 576; *Burnett v. Caldwell,* 9 Wall. 293, 19 L. Ed. 712; 39 Cyc. 1614 and 1369.

Now, as to the point that the court failed to find on all of the material issues. In the answer the defendant denied entering into the contract as alleged in the complaint, and averred that in December, 1921, one Anderson and one Swenson and their wives in writing contracted with Effie Bergman, the mother of the plaintiffs,

to sell and convey the property to her, and that in January, 1923, she assigned her interest in the contract to the plaintiffs, and that they in August, 1923, assigned their interest to the defendant, and that he thereupon became the owner of such contract to purchase, and in virtue thereof was in possession of the premises, and that he "has made the payments to said Anderson and Swenson and wives, and done and performed all the terms and conditions in said contract provided to be made, done, and performed by the terms thereof by said purchaser." The court found that in August, 1923, the plaintiffs and the defendant entered into an agreement in writing by the terms of which the plaintiffs agreed to sell and the defendant to purchase the real estate fully described, and that as the consideration thereof the defendant agreed to pay the plaintiffs the sum of $1,400; that the defendant was to assume the balance of the purchase price amounting to $540 to become due from the plaintiffs under a bond for deed of the property executed between Anderson and Swenson as vendors and Effie Bergman, the mother of the plaintiffs, as vendee and by her assigned to the plaintiffs; that the balance of the purchase price of $840 was to be paid by the defendant to the plaintiffs, $100 in work and labor and $740 in installments of $60 every three months until the amount was fully paid; that the defendant has made "no payments on account of said agreement save and except the sum of $48 in labor which was performed by the defendant for plaintiffs shortly after the execution of said agreement, and that the defendant is in default under said agreement in the following amounts": $60 November 25, 1923, and $60 for every three months thereafter to and including August 25, 1925, or a total sum of $480, and a balance on account of labor not performed of $52.

The particular point made is that the court did not sufficiently find with respect to the averments in the defendant's answer that he "made the payments" to Anderson and Swenson and performed all of the terms and conditions "in said contract provided." The court did not make any direct

finding that no payments were made to Anderson and Swenson, but found that the defendant by his contract with the plaintiffs had assumed and agreed to pay Anderson and Swenson the balance due them, amounting to $540, and $840 less $100 to the plaintiffs, and that "the defendant had made no payments on account of said agreement" except $48 in labor. We think such a finding is equivalent to a direct finding that the defendant had not paid anything either to the plaintiffs or to Anderson and Swenson.

The judgment of the court below is affirmed, with costs.

GIDEON, C. J., and THURMAN, FRICK and CHERRY, JJ., concur.