## ZUNIGA et al. v. LEONE et al.

No. 4879.   Decided April 17, 1931.   (297 P. 1010.)

*C. E. Norton,* of Salt Lake City, for appellants.

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for respondents.

CHERRY, C. J.

The plaintiffs brought this action to rescind a contract for the exchange of real estate upon the ground of misrepresentation and fraud. The contract was executed February 20, 1926, by the plaintiffs and the defendants Antonio S. Leone and Josephine Leone. The substance of the contract was that the defendants agreed to sell and convey and the plaintiffs agreed to buy a certain tract of real estate at 804 West First South street, Salt Lake City, and a small stock of merchandise in a grocery store situated on the premises, for the sum of $6,900. As part payment, the plaintiffs conveyed to defendants their equity in another tract of real estate in Salt Lake City, at the agreed price of $1,750, and agreed to pay the remainder at the rate of $45 per month, with interest, and also agreed to keep the premises agreed to be purchased by them insured, etc. Possession of the respective properties was exchanged by the parties to the trade. George W. Nitchens, a real estate broker who negotiated the contract, was joined as a defendant and was served with summons but he made no appearance in the action. As no further proceedings were taken or claimed against him, we exclude him from any further notice. The other defendants appeared and contested the action. A trial was had before the court, who made findings of fact and conclusions of law and entered a decree dismissing the action, from which the plaintiffs have appealed upon the judgment roll, which contains no bill of exceptions or preservation of the evidence.

In substance the plaintiffs alleged that they were induced to enter into the contract by the false and fraudulent representations of the defendants concerning the value of the property agreed to be sold and conveyed to the plaintiffs. The defendants by their answer denied the allegations of

fraud and pleaded that the plaintiffs, after full knowledge of all the facts, had subsequently ratified and confirmed the contract.

The trial court made findings of fact that the contract of exchange had been made as alleged; that the defendants had represented the value of the stock of merchandise to be worth approximately $2,000; that, immediately after taking possession thereof, the plaintiffs took an inventory of the merchandise and "determined and concluded" that the value thereof did not exceed $300, and demanded a re-exchange of the properties traded, which the defendants refused. The court further found as a fact that, as a part of the agreement of exchange, the plaintiffs had agreed to keep the property, agreed by defendants to be conveyed to them, insured against loss by fire; that subsequently a dispute arose between the parties concerning the payment for such insurance, whereupon the defendants brought a suit against the plaintiffs in the city court of Salt Lake City which resulted in the parties executing a written agreement dated April 6, 1927, whereby they agreed that their contract of exchange entered into on February 20, 1926, should be altered and changed so that a less amount of insurance should be carried on the property, and in consideration of $35.60 paid by plaintiffs to defendants it was agreed that "all controversy and dispute regarding the amount of insurance to be carried on the above described improvements shall be and is hereby settled, provided that said contract shall be altered in no other respects than that herein described." The agreement concluded with this paragraph: "It is understood that this memorandum of agreement in no manner affects or determines the value of the property known as 804 West 1st South Street, and this memorandum of agreement shall in no way obligate either of the parties hereto as to the value of said property."

The court further found that, after being advised by the defendants that they would not re-exchange their properties, and after full knowledge of all the facts concerning the

value of the property and merchandise traded to them, the plaintiffs continued in the occupation and use of the premises and sold and disposed of all of said merchandise, and thereafter entered into said written agreement dated April 6, 1927, whereby they ratified and confirmed the original contract of exchange.

As conclusions of law the court found and decided that the plaintiffs had waived "all right to maintain and bring said action in rescission and that said action for rescission cannot be maintained by the said plaintiffs because of their act and conduct in ratifying and confirming said contract as aforesaid." The action was thereupon dismissed.

The errors assigned and relied upon for a reversal of the judgment are that the district court erred in its conclusion of law that the plaintiffs had waived the right of rescission by ratifying and confirming the contract, and that the findings, conclusions, and judgment are against law.

The single question presented by the appeal is whether the decree dismissing the action is supported by the findings of fact. It may be stated that the findings of fact are not sufficient to support a judgment for the plaintiffs, because there is no finding that the defendants ever made any false or fraudulent representation to the plaintiffs. For this reason alone the plaintiffs' action would have been properly dismissed. But upon the question of the sufficiency of the facts found to warrant the court in dismissing the action we think there can be no doubt.

"A purchaser has merely an election to rescind for fraud or misrepresentation of the vendor, the contract being voidable and not void, and his right to rescind is gone after he has once ratified or affirmed the contract, either expressly or impliedly, as by recognizing or treating it as binding, or accepting benefits under it, with full knowledge of the fraud or misrepresentation and of his legal rights." 39 Cyc. 1433.

According to the findings, the plaintiffs, after full knowledge of all the facts of which they now complain, retained the occupation and use of the real property in question for

more than a year, they sold and disposed of all the stock of merchandise, and more than a year later entered into a written agreement whereby the original contract was modified concerning the amount for which the property should be kept insured against loss by fire, and expressly agreed that it should be altered in no other respect. This we think clearly amounted to an acceptance of benefits under the contract and a recognition and treatment of the contract as valid, which precludes the plaintiffs from rescinding the contract.

Judgment affirmed.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.