## LEONE et al. v. ZUNIGA et al.

No. 5359.   Decided July 16, 1934.   (34 P. [2d] 699).
Rehearing denied January 7, 1935.

*C. E. Norton,* of Salt Lake City, for appellants.
*L. B. Wight,* of Salt Lake City, for respondents.

ELIAS HANSEN, Justice.

Defendants prosecute this appeal from a judgment wherein it is, in substance, ordered and adjudged that all rights and equities which the defendants had in a contract whereby they agreed to purchase from the plaintiffs a parcel of land situated in Salt Lake City and county be forfeited and canceled, that plaintiffs be put in possession thereof, and that plaintiffs have judgment against the defendants for the sum of $250 attorney's fees and costs.

Respondents have filed a motion to dismiss the appeal because of the failure of appellants to comply with certain of the requirements of rules 6, 7, and 10 of this Court. Appellants' abstract and brief fail to meet all the requirements of the rules mentioned, but we do not feel such failure sufficiently serious to justify a dismissal of the appeal. The motion to dismiss the appeal is denied.

This litigation grows out of a contract whereby the plaintiffs and defendants agreed to an exchange of real estate; the defendants agreeing to pay in cash the difference in the values placed upon the properties exchanged. The present controversy is between the same parties, and grows out of the same contract, as were involved in the case of *Zuniga et al* v. *Leone et al.,* 77 Utah 494, 297 P. 1010. In the former suit the Zunigas sought to rescind the contract because of the claimed misrepresentations and fraud of the Leones. The relief prayed was denied because, after full knowledge of the facts concerning which they complained, the Zunigas had sold and disposed of all the stock of merchandise which was in the store which they agreed to purchase and because the Zunigas had for more than one year remained in posses-

sion of the real estate purchased by them, and because the Zunigas, after full knowledge of the facts, entered into a written contract with the Leones whereby the original contract was so amended as to reduce the amount of the insurance that the Zunigas were to carry on the property purchased by them, but that otherwise the original contract was not to be altered. In their complaint in this suit plaintiffs, in substance, allege: That plaintiffs and defendants entered into a written contract for the exchange of properties; that defendants agreed to pay $6,900 for the property which was to be conveyed to them; that defendants paid $1,750 of the purchase price by conveying to plaintiffs a parcel of land; that defendants agreed to pay the remainder of the purchase price in monthly installments of $45 per month beginning on March 20, 1926; that defendants were in default in the payment of twenty-two monthly payments which were past due and that they had been so in default for more than sixty days before the commencement of this suit; that, because of such default, plaintiffs have elected to and do hereby elect to declare the contract forfeited; that defendants were in possession of the property which they agreed to purchase; that defendants agreed that, if an action were brought to enforce the contract, they would pay all costs including a reasonable attorney's fee; that plaintiffs have incurred a liability to pay $500 attorney's fee for the prosecution of this suit; and that such amount is a reasonable attorney's fee. A copy of the contract is attached to and made a part of the complaint. The contract contains, among others, the following provisions:

"In the event of a failure to comply with the terms hereof, by the Buyer, or upon failure to make any payments when the same shall become due, or within sixty days thereafter, the Seller shall, at his option, be released from all obligations in law and equity to convey said property and the said Buyer shall forfeit as liquidated damages, all payments which have been made theretofore on this contract, and the Buyer agrees that the Seller may, at his option, re-enter and take possession of said premises without legal process as in its first and former estate, together with all improvements and additions made

by the Buyer thereon, and the said additions and improvements shall remain, with the land and become the property of the Seller, the Buyer becoming at once a tenant at will of the Seller. It is agreed that time is of the essence of this agreement. * * *

"The Buyer and Seller each agree that should they default in any of the covenants and agreements contained herein, to pay all costs and expenses that may arise from enforcing this agreement, either by suit or otherwise, including a reasonable attorney's fee."

Plaintiffs prayed judgment that the contract be forfeited; that defendants and all persons claiming under them be foreclosed of all right, claim, or equity in the property; that plaintiffs be put in possession of the property; and that plaintiffs have judgment against the defendants for $500 attorney's fee and costs. To the complaint the defendants filed a general demurrer. The demurrer was overruled. Thereupon defendants answered and later filed an amended answer. In their answer defendants admitted the execution of the contract and denied generally the other allegations of the complaint. As a further answer and counterclaim defendants alleged that the Leones had procured the contract by misrepresentation and fraud; that, in negotiating the contract, one George W. Kitchens was employed by defendants to represent them, although he had, unknown to defendants, been employed and paid by plaintiffs to represent them; that theretofore the defendants had brought suit against the plaintiffs to rescind the contract sued upon by plaintiffs in this suit; that in the suit so brought a trial was had, judgment entered, and appeal taken to this court, and the judgment of the trial court affirmed; that in the former suit the defendants in the present suit had been denied the right to rescind the contract. Copies of the pleadings, findings of fact, conclusions of law, and decree of the trial court, and the opinion of this court in the former suit were attached to and made a part of defendants' answer. Plaintiffs demurred to defendants' answer and also filed a motion to strike from the answer all of the allegations with respect to the former suit and the proceedings had therein. The demurrer was overruled; the motion to stike was granted. Thereafter de-

fendants filed a supplemental answer and supplemental counterclaim in which they again alleged that the contract sued upon had been procured by fraud and misrepresentation practiced upon them by the plaintiffs, and that the real estate agent who negotiated the contract, although employed and paid by the defendants, represented the plaintiffs and assisted them in perpetrating the fraud complained of. Plaintiffs replied to the answer. In their reply plaintiffs admit the allegations which, upon their motion, had theretofore been stricken from defendants' answer.

Upon such pleadings a trial was had to the court sitting without a jury. The evidence showed without conflict that the Zunigas were in default in the payment of installments as alleged, and that George W. Kitchens was employed as alleged by plaintiffs and defendants. The pleadings, findings of fact, conclusions of law, decree, and opinion of this court in the former suit were all received in evidence without objection.

Appellants assign numerous errors, only a few of which need be discussed. The order overruling defendants' demurrer to plaintiffs' complaint is assigned as error. Plaintiffs in the instant case seek a forfeiture of the rights of the defendants in the contract pleaded together with the possession of the real estate which defendants agreed to buy. The allegations of the complaint show a legal right in the plaintiffs to declare a forfeiture of the rights of defendants in the contract, but it is urged by the defendants that before a suit may be commenced and maintained to enforce such rights it was necessary for the plaintiffs to allege and prove notice of forfeiture and demand of possession. There seems to be some conflict in the adjudicated cases as to whether or not suit for forfeiture and possession may be commenced and maintained against a buyer who is in default in his payments on a contract without first giving notice to the buyer of such forfeiture and demand of possession. Much of the apparent conflict disappears when viewed in the light of the provisions of the contracts in-

volved. Two cases from this jurisdiction will serve to indicate when notice of forfeiture is and when it is not a prerequisite to the commencement and maintenance of a suit for the forfeiture of a contract and possession of the property covered by the contract. In the case of *Bergman* v. *Lewis*, 68 Utah 178, 249 P. 470, 471, it was held that:

"a declaration of forfeiture or the giving or serving of notice of forfeiture and demand for possession were not prerequisities to the commencement or maintenance of the action for rescission and possession."

The contract involved in that action provided that, if the purchaser should fail to pay the installments when due, the contract should become null and void, and all right, title, and interest of the buyer ceased and all payments made by him forfeited as liquidated damages. In the case of *Howorth* v. *Mills*, 62 Utah 574, 221 P. 165, it was held that the provision for forfeiture in the real estate contract there in question was not self-executing and that forfeiture could not be enforced without giving notice thereof to the purchaser. The contract involved in that action contained a provision that:

"If the second party (purchaser) shall fail to pay the said principal or interest as agreed to be paid by him as aforesaid within the time limited for the payment of the same, and within 30 days after receiving written notice terminating this agreement, and time is the essence of this agreement, then, in any or either event, the second party shall forfeit all claims to the said land, and every part thereof, and all improvements thereon, and will immediately surrender possession of said land to the parties of the first part (seller), or his agent or attorney, and the bank shall deliver the said deed back to the parties of the first part to be canceled, to the purpose and intent that the said land and all improvements shall be freed and cleared of all claims of the second party, and the second party shall forfeit all payments made under this contract as liquidated damages and rental for the use of the said property."

It will be observed that the contract involved in the case of *Bergman* v. *Lewis*, supra, is unlike the contract under review, in that the former expressly provided that it should

become null and void if the installments were not paid when due, while the contract in the instant case gives to the seller the right to declare a forfeiture upon the failure of the purchaser to pay the installments as in the contract provided. The contract in the instant case contains no provision that it ipso facto becomes null and void upon the failure of the purchaser to pay an installment when the same becomes due. The contract in the case of *Howorth* v. *Mills,* supra, is substantially the same as the contract here involved except that the contract involved in the former case contains a provision for the giving of a written notice of the termination thereof, while no such provision is contained in the contract under review. In the instant case, as in the case of *Howorth* v. *Mills,* supra, the provision with respect to the forfeiture of the contract was not self-executing. Both contracts require an affirmative act on the part of the vendor to work a forfeiture and to bring the contractual relations between the parties to an end. That such was the intention of the parties to the contract in this case is made clear from other provisions thereof. Thus the provision of the contract immediately preceding the one dealing with the forfeiture, which we have heretofore quoted in this opinion, reads as follows:

"In the event the Buyer shall default in the payment of any special or general taxes, assessments or insurance premiums as herein provided, the Seller may, at his option, pay said taxes, assessments and insurance premiums or either of them, and if he elects so to do, then the Buyer agrees to repay the Seller upon demand, all such sums so advanced and paid by him, together with interest thereon from date of payment of said sums at the rate of one per cent per month until paid."

The distinction between contracts which contain self-executing provisions for forfeiture and those which require notice of forfeiture before suit may be commenced and maintained by the vendor to enforce the forfeiture and gain possession of the property is indicated by the Supreme court of Michigan in the case of *Miner* v. *Dickey,* 140 Mich. 518, 103 N. W. 855, 856. It is there said:

"It is the claim of counsel for appellant that upon the breach of the contract by the vendee the vendor had the right to immediately institute proceedings to recover possession. We cannot assent to this proposition. The relations between the parties were contract relations. It is apparent that these relations might continue to exist after breach of the contract by the vendee; the vendor having the right to waive the breach, or to forego her remedy therefore. So long as the contract relations existed, defendant had the right to possession of the premises—was not unlawfully in possession. We do not mean to hold that parties to such a contract may not stipulate that a specified breach or breaches of the contract shall at once determine the contract relations, and work a forfeiture of the vendee's rights thereunder. The contract in this case does not so stipulate. The provision is that after breach the vendor shall have a right to declare the contract void. The rule that the vendor must terminate the contract relations by notice of forfeiture or otherwise, or that the defendant must do some act or thing which of itself determines the contract relation, before proceedings to recover possession of premises can be begun, is well settled."

Other cases dealing with the question of the right of a vendor to commence and maintain an action for forfeiture or rescission of a contract without first giving notice will be found collected in 66 C. J. 1345; 2 Black on Rescission and Cancellation, p. 1354, § 576; 74 Am. Dec. 659. We shall not attempt to distinguish or reconcile the numerous cases dealing with the question of when notice of forfeiture is, and when it is not, a necessary prerequisite to the commencement and maintenance of a suit for forfeiture or rescission and possession. Suffice it to say we conceive the correct doctrine to be that stated in Pomeroy Specific Performance of Contracts (3d Ed.) § 393, p. 836, wherein it is said:

"Returning to the stipulations which made the time of payment essential, if the clause be not absolute that the contract shall be ipso facto void upon a default in payment at the time, but its object in its language are to give the vendor his election and power to put an end to the agreement upon the vendee's failure in paying at the appointed day, then the vendor, if he intends to avail himself of the provision, must give the purchaser a timely and reasonable notice of his intention to avoid the contract, or must do some unequivocal act which unmistakably shows that intention, for the vendor cannot treat the default alone as terminating the agreement."

We are aided in reaching this conclusion by the provision of R. S. Utah 1933, 104-60-3. It is there provided that:

"A tenant of real property, for a term less than life, is guilty of an unlawful detainer: * * * In cases of tenancies at will, where he remains in possession of such premises after the expiration of a notice of not less than five days."

Where a contract contains a self-executing provision for a forfeiture as in the case of *Bergman* v. *Lewis*, supra, the purchaser may well be said to know when his tenancy is at an end, and hence he is not entitled to notice. But when, as here, the forfeiture provision of the contract is not self-executing but, on the contrary, vests in the seller the option of either enforcing the contract or declaring a forfeiture and also vests in the seller a further option to either re-enter the premises or to continue to permit the purchaser to remain in possession thereof as a tenant at will, then and in such case the purchaser in default is at a loss to know what is required of him. Until advised to the contrary he may assume that he will be permitted to perform his contract. If he vacates the premises, he may be confronted with an action to enforce the contract. If he fails to vacate the premises, he may be met with a suit for possession together with the expenses incident thereto. The demurrer to the complaint should have been sustained.

From what has been said, it follows that the judgment must be reversed and remanded for further proceedings. It may be that, upon the filing of an amended complaint curing the defects indicated, the cause will again be tried. Such a procedure would in effect be a new trial, and therefore we deem it proper to dispose of the other questions presented on this appeal.

Appellants in one of their assignments have attacked that part of the judgment whereby plaintiffs were awarded an attorney's fee in the sum of $250. In the case of *Forrester* v. *Cook*, 77 Utah 137, 292 P. 206, 213, this court had before it a contract containing the same provisions with respect to forfeiture and attorney's fees

as are contained in the contract in this case. It is there said:

"The contract between the parties hereto provides for an attorney's fee in 'enforcing this agreement.' This is not an action to enforce the agreement. Plaintiff has proceeded upon the theory that the agreement fixed the status of the parties after forfeiture and that thereupon defendants became tenants at will. Upon the giving of the notice required by the statute this tenancy ceased, and thereafter defendants held possession of the premises unlawfully. The action is summary and limited and is one for recovery of possession of property and damages because of the unlawful detention. No attempt is made to enforce any of the provisions of the contract. The action is not one on contract. The law and not the contract fixes the measure of damages. No provision is made in the law for an attorney's fee in this sort of action."

The rule announced in the foregoing action is controlling here. An attorney's fee may not properly be allowed in this suit.

It is next urged by appellants that respondents are precluded from prosecuting this suit, because they should have set up by way of counterclaim the matters concerning which they now complain. It will be remembered that in the former suit appellants in this suit sought to rescind the contract between them and the respondents. There is no merit to that contention. The plaintiffs in the present suit seek a forfeiture of the contract and possession of the property because of the default in the payment of installments which have become due since the other suit was commenced and tried. Obviously the plaintiffs in the present suit could not have declared a forfeiture of the contract when the former suit was commenced and tried because at that time the unpaid installments which form the basis of the present suit were not due.

It is further urged on behalf of appellants that the court below was in error in striking from their answer the allegation with respect to the proceedings had in the former suit. It was a proper matter in the present suit for the

court below, under proper pleadings, to inquire into the proceedings had in the former suit. Because of the order striking from the answer the allegation with respect to the former suit and because the reply admits most of the allegation theretofore stricken from the answer, there is some confusion in the pleadings. However, as the whole judgment roll in the former cause was received in evidence, the legal effect of the former judgment is before us for review in the present cause. As heretofore indicated in this opinion, prior to the commencement of the former suit and after the Zunigas had full knowledge of all the facts concerning which they complained in the former suit and concerning which they complain in the present suit, they and the Leones entered into a written agreement whereby it was expressly agreed that the amount of insurance carried on the property purchased by the Zunigas should be reduced but otherwise the contract should not be altered. One of the grounds for denying the Zunigas, in the former suit, the right to rescind the contract, was the fact that such an agreement had been entered into between them and the Leones. The fact that such an agreement was entered into with full knowledge of the facts is likewise a bar to plaintiffs' right to recover damages because of the fraud and misrepresentation of the Leones. By agreeing to be bound by the contract as amended with full knowledge of the facts complained of, the Zunigas not only precluded themselves from rescinding the contract, but likewise precluded themselves from recovering damages.

The complaint being fatally defective, it follows that the judgment appealed from should be, and it accordingly is, reversed. This cause is remanded to the district court of Salt Lake county, with directions to enter an order sustaining defendants' demurrer to plaintiffs' complaint. Appellants are awarded their costs.

STRAUP, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.