## ZUNIGA et al. v. SCHILLER, Judge et al.

No. 5841.   Decided May 6, 1937.   (67 P. [2d] 645.)

*C. E. Norton,* of Salt Lake City, for plaintiffs.

*L. B. Wight,* of Salt Lake City, for defendants.

FOLLAND, Chief Justice.

This is an application for a writ of mandate to require the judge of the district court, named as a defendant, to try the issues made by a counterclaim and reply thereto in a cause where a demurrer to the complaint was sustained and the complaint dismissed after a reversal of a judgment for plaintiffs on appeal. The parties hereto, the Zunigas and Leone, have been in the courts for the last seven or eight years attempting to settle the matters in controversy between them. *Zuniga* v. *Leone,* 77 Utah 494, 297 P. 1010, and *Leone* v. *Zuniga,* 84 Utah 417, 34 P. (2d) 699, 94 A. L. R. 1232. In the last-mentioned case it may be gathered from the decision of the court that the plaintiff sought a forfeiture of defendants' rights under a real estate contract for alleged failure to perform and for other relief; that

the defendants filed an answer admitting and denying certain of the allegations of the complaint and a counterclaim in which they sought rescission of the contract for alleged fraud and misrepresentation and because the negotiations for the contract were conducted by a certain real estate agent who, unknown to the defendants, acted as agent for both parties. The cause was fully tried and, after a judgment for plaintiff and against the defendants, the cause was appealed to this court. The judgment was reversed because of the failure of the complaint to state a cause of action, and the case remanded to the trial court for further proceedings. 84 Utah 417, 34 P. (2d) 699, 94 A. L. R. 1232, supra.

In the petition for a writ of mandamus, it is alleged that upon filing the remittitur from this court in the district court, the cause was placed on the trial calendar and assigned to the defendant Hon. Herbert M. Schiller, one of the judges of the district court, for trial; that after filing the remittitur, the plaintiff therein filed an amended reply to the counterclaim; that the cause came on regularly for trial on the pleadings as amended, but the trial judge refused to "allow defendants to make any proof whatever and took the case under advisement" and thereafter made the following order:

"The Court having heretofore on October 23, 1935, taken under advisement defendants' motion for permission to proceed to introduce evidence on their answer and counterclaims after the Court had sustained the defendants' demurrer and the plaintiffs had refused to plead over, and now being sufficiently advised in the matter, orders the said motion to introduce evidence denied. Dated and entered March 14, 1936. Herbert M. Schiller, Judge."

It is further made to appear by the filing of a certified copy of the order that a written order was signed and entered by the trial judge "that the within complaint be and the same is hereby dismissed at plaintiffs' costs and without prejudice." The record discloses that counsel presented a written order for dismissal of the action, but the court struck

the word "action" and wrote in the word "complaint." It is contended by petitioners that the whole action should have been disposed of by the trial court either by trial of the issues made by the counterclaim and reply or by a dismissal of the action, and not merely the complaint, so as to show a final judgment from which an appeal might be had.

The record in this court is very unsatisfactory and it is difficult to understand therefrom just what is before us for decision. The record of the district court was certified to this court, but it does not contain any counterclaim or reply, but it does contain an amended reply to the "answer of the defendants," alleging the defenses of res adjudicata and bar by statute of limitations. The district judge filed a return to the alternative writ in which he says he was never served with a copy of the affidavit or petition or any other paper except the alternative writ of mandamus, and alleges:

"That this defendant has not refused, and does not now refuse to make any proper disposition of petitioner's counterclaim in said action. That it appears from the record in said action that said counterclaims had been twice stricken and the law of the case established with reference thereto, and that the third counterclaim was filed at the time of trial and by reference made the former counterclaims which had been stricken, a part thereof, and this defendant cannot determine what part of the record and proceedings occurring after the demurrer to the complaint was overruled, (which ruling was ordered reversed by this Court,) may be considered as the pleadings on which any issue can be tried by the parties thereto, nor have either of said parties sought to settle said pleadings or make any disposition thereof, except as indicated by the record certified and filed herein as aforesaid, nor has either of said parties filed any pleading herein or adopted the record made therein after the overruling of said demurrer to the complaint to the date of said appeal."

In view of the return of the defendant district judge, which is not denied, and the unsatisfactory condition of the record before us, we cannot say that it is clearly the duty of the district judge to proceed with a trial. However, the counterclaim, whether actual or purported, to which a reply

has been filed, should be disposed of in some manner. The pleadings, of course, should be settled and any issue raised thereby determined in the trial court. *Warner* v. *Darrow*, 91 Cal. 309, 27 P. 737; *Maffett* v. *Thompson*, 32 Or. 546, 52 P. 565, 53 P. 854; *Mott* v. *Mott*, 82 Cal. 413, 22 P. 1140; 18 C. J. 1161, 1208; 57 C. J. 366, 521. Apparently the machinery for disposition of the entire case was set in motion but only a partial disposition was made. It is time the matter is finally settled.

The district court should dispose of all matters before that court so that there is a final judgment. A writ of mandate to that effect will issue. Neither party to recover costs.

HANSON, MOFFAT, WOLFE, and LARSON, JJ., concur.