470 P.2d 406

**BENEFICIAL LIFE INSURANCE COM-PANY, a corporation, Plain-tiff and Appellant,**

v.

**John Elwood DENNETT, Defendant and Respondent.**

**No. 11865.**

Supreme Court of Utah.

June 9, 1970.

Cannon, Greene & Nebeker, J. Thomas Greene, John H. Allen, Milan B. Robbins, Salt Lake City, for appellant.

John Elwood Dennett, pro se.

TUCKETT, Justice.

The plaintiff, Beneficial Life Insurance Company, filed its action in unlawful detainer in the court below seeking to recover certain real property held by the defendant as vendee under a real estate contract. The trial court granted summary judgment in favor of the defendant and the plaintiff has appealed.

On September 6, 1967, the plaintiff and the defendant entered into a real estate contract wherein the defendant agreed to purchase certain real property for the sum of $34,613.59. As a down payment the defendant delivered to the plaintiff a promissory note in the sum of $3,613.59 and agreed to pay the balance of $31,000 at the rate of $266 per month with the first payment to fall due on October 1, 1967. The defendant made the initial payment and thereafter failed to make any of the subsequent payments. The defendant also failed to pay the note given as a down payment upon its maturity.

The uniform real estate contract entered into by the parties contained the following provisions:

16. In the event of a failure to comply with the terms hereof by the Buyer, or upon failure of the Buyer to make any payment or payments when the same shall become due, or within thirty days thereafter, the Seller at his option shall have the following alternative remedies:

A. Seller shall have the right, upon failure of the Buyer to remedy the default within five days after written notice, to be released from all obligations in law and in equity to convey said property, and all payments which have been made theretofore on this contract by the Buyer, shall be forfeited to the Seller as liquidated damages for the nonperformance of the contract, and the Buyer agrees that the Seller may at his option re-enter and take possession of said premises without legal processes as in its first and former estate, together with all improvements and additions made by the Buyer thereon, and the said additions and improvements shall remain with the land, become the property of the Seller, the Buyer becoming at once a tenant at will of the Seller; * * *.

Under the provisions of 16B the seller was granted the option to sue for delinquent installments, and under 16C the seller had the option of treating the contract as a note and mortgage and proceeding to foreclose the same.

The parties added a further paragraph designated as 16D which provides as follows:

16D. The Buyers agree, if the attached Judgment Note is not paid strictly at ma-

turity, that Seller may immediately and without notice declare a forfeiture under the provision of paragraph 16A herein, and Buyer shall lose all interest of any kind whatsoever in the said properties; and Seller shall be entitled to immediate possession.

*Addendum*

Remedies provided under Paragraph 16(A) of this contract shall not be available to Seller at any time after the attached Judgment Note has been paid. All other remedies shall be available at any time.

On January 12, 1968, a notice was prepared for and on behalf of the plaintiff and served upon the defendant, which recited that the sum of $4,411.59 was in default under the terms of the contract and thereafter continued as follows:

You are hereby notified that the Seller, Beneficial Life Insurance Company, elects to exercise all of its rights and remedies pursuant to Paragraphs 16A and 16D of the said Uniform Real Estate Contract. Accordingly, you are notified that:

Beneficial Life Insurance Company hereby declares a forfeiture of the contract, and of all interest of any kind whatsoever in the said properties which you ever had or might claim. You are further notified that Beneficial Life Insurance Company is entitled to immediate possession of the premises.

Beneficial Life Insurance Company elects to re-enter and take possession of the premises, together with all improvements and additions thereon immediately.

If you fail within five days after receipt of this written notice to remedy the default, in lawful unencumbered monies of the United States, Beneficial Life Insurance Company shall be released from all obligations in law and in equity to convey said property to you, and the payment which has heretofore been made in the amount of $266.00 shall be forfeited to Beneficial Life Insurance Company as liquidated damages for nonperformance of the contract.

On October 3, 1968, another notice was given to the defendant by mailing and posting, and on October 21, 1968, the defendant was personally served with the notice which reads as follows:

### NOTICE TO VACATE

TO: John Elwood Dennett

1. You are hereby notified that because the default under that certain Uniform Real Estate Contract dated September 6, 1967, was not remedied pursuant to the Notice dated January 12, 1968, a copy of which is attached hereto and made a part hereof as though fully set forth herein, you are now a tenant at will of the premises located at 2879 Millicent Drive, Salt Lake City, Salt Lake County, Utah. * * *

2. You are further notified to vacate said premises within five (5) days from service of this Notice upon you. If you fail to do so, you will be considered in unlawful detainer of said premises and legal proceedings will be commenced against you to recover possession of said premises and treble damages for the period of unlawful detention, together with all costs and expenses of said action.

Dated this 3rd day of October, 1968. On October 23, 1968, the defendant tendered to the plaintiff a sum of money representing the delinquency under the contract. The tender was refused by the plaintiff. The plaintiff filed these proceedings in unlawful detainer to recover possession of the property in question.

Separate motions were made by plaintiff and the defendant which were considered by the trial court. The trial court was of the opinion that the notice of January 12, 1968, was insufficient under the strict requirements in unlawful detainer actions to make the defendant a tenant at will upon his failure to remedy the default set forth in the notice and to subject the defendant to a five-day notice to quit. The language of the contract is to the effect that if the note is not paid strictly at maturity, the seller may immediately and without notice declare a forfeiture under the provision of paragraph 16A therein, and the buyer shall lose all interest of any kind whatsoever in the said property. The defendant does not claim that there are ambiguities in the language used nor does he claim that he is not bound by the terms of the contract. We are inclined to the view that the notice of January 12, 1968, was sufficient to advise the defendant that the vendor elected to declare a forfeiture upon failure of the defendant to cure the default, and that the defendant thereafter became a tenant at will of the plaintiff.[1] We are also of the opinion that the notice of October 21st was a sufficient compliance with Section 78–36–3(5) U.C.A.1953. While there was an elapse of several months between the first notice and the final notice, it cannot be said that the defendant was prejudiced thereby. The record would indicate that the plaintiff was handicapped in proceeding with its action by the bankruptcy proceedings which the defendant initiated.

The order of the court below granting to the defendent the summary judgment is reversed and the case remanded for further proceedings. Plaintiff is entitled to costs.

CROCKETT, C. J., and CALLISTER, HENRIOD, and ELLETT, JJ., concur.

---

1. Bergman v. Lewis, 68 Utah 178, 249 P. 470; Leone v. Zuniga, 84 Utah 417, 34 P.2d 699; Van Zyverden v. Farrar, 15 Utah 2d 367, 393 P.2d 468. The notice in the latter case was served after commencement of the action and for that reason did not comply with Section 78–36–3 U.C.A.1953. Christy v. Guild, 101 Utah 313, 121 P.2d 401.