**Norman K. CLUFF and Jessica H. Cluff, Plaintiffs and Appellants,**

**v.**

**Elmer CULMER and Essie Culmer, Defendants and Respondents.**

**No. 14525.**

Supreme Court of Utah.

Nov. 10, 1976.

Orrin G. Hatch, Richard Calder, Hatch & Plumb, Salt Lake City, for plaintiffs and appellants.

Richard M. Taylor, Spanish Fork, for defendants and respondents.

CROCKETT, Justice:

Plaintiffs Cluff purchased a home and approximately 13 acres of land at Salem from the defendants Culmer under a Uniform Real Estate Contract. Their agreement provided that the sellers, the Culmers, were to remain in possession as month to month tenants until the buyers, the Cluffs, took possession. This law suit involves only that aspect of the transaction in which the buyers, plaintiffs Cluff, allege that the sellers failed to properly take care of the property and committed damage and waste thereon. Upon a trial to the jury the issues were found in favor of the plaintiffs and the damages assessed at $600. No issue is raised as to that award.

The controversy of concern here arose from the fact that the plaintiffs filed a cost bill totaling $4,359.65, which included $4,091.25 for attorney's fees and expenses. Pursuant to appropriate objections thereto and hearing thereon, the trial court disallowed the attorney's fees and fixed recoverable costs at $85.70. Plaintiffs appeal urging that under the terms of the contract and applicable principles of law they are entitled to the claimed attorney's fees as costs.

Plaintiffs do not question the rule that attorney's fees are not allowable except when authorized by statute,[1] or by

---

1. See *C. G. Horman Co. v. Virgil J. Floyd et ux.*, 28 Utah 2d 112, 499 P.2d 124; as to statutes see e. g., Actions to enforce mechanics liens, 38–1–18; Actions against peace officers, 78–11–10; in divorce cases see Sec. 30–3–3 and 5, U.C.A.1953; *Stuber v. Stuber*, 121 Utah 632, 244 P.2d 650; *Weiss v. Weiss*, 111 Utah 353, 179 P.2d 1005.

the express terms of a contract.[2] Their argument that they are nevertheless entitled to attorney's fees is grounded on these propositions: that the contract states that a defaulting party shall pay the costs and expenses of enforcement of the contract, including a reasonable attorney's fee. They do not contend that there is any express covenant therein that a seller, as tenant,[3] will not cause waste or damage on the premises, but they urge that there is an implied covenant in any landlord-tenant relationship that the tenant will not commit such waste. With that we agree.[4] However, this court has numerous times said that such a provision for attorney's fees makes them allowable only for enforcement of the covenants in the contract.[5] Therefore it does not extend to implied covenants or obligations not expressly included therein. It follows that the trial court correctly ruled that attorney's fees claimed by the plaintiffs are not allowable; and particularly, that they are not allowable as costs.

In addition to what has been said above, we have likewise numerous times declared that when attorney's fees are properly awardable, they must be proved as any other damages: either by stipulation that the court may determine them from his own knowledge and experience, or there must be evidence upon which to base a finding as to their necessity and reasonableness.[6]

On the basis of what has been said herein, the trial court's refusal to allow plaintiffs' claim of attorney's fees is affirmed. Costs to defendants (respondents).

HENRIOD, C. J., and ELLETT, MAUGHAN and WILKINS, JJ., concur.

2. *Blake v. Blake,* 17 Utah 2d 369, 412 P.2d 454.

3. Note: This is reverse from the usual situation, where the buyer is the tenant.

4. 49 Am.Jur.2d pp. 902 and 908; *United States v. Bostwick,* 94 U.S. 53, 24 L.Ed. 65.

5. *Forrester v. Cook,* 77 Utah 137, 292 P. 206; *Leone v. Zuniga,* 84 Utah 417, 34 P.2d 699; *Jacobson v. Swan,* 3 Utah 2d 59, 278 P.2d 294.

6. *Freed Finance Co. v. Stoker Motor Co.,* 537 P.2d 1039 (Utah 1975) ; *F.M.A. Financial Corp. v. Build Inc.,* 17 Utah 2d 80, 404 P.2d 670.