**In re KAMPMAN FARMS, INC., Debtor.**

**Bankruptcy No. 80–01288.**

United States Bankruptcy Court,
W. D. Oklahoma.

Oct. 22, 1980.

Gregory R. Stidham, Checotah, Okl., for plaintiff Kenneth W. Odil.

Ray K. Babb, Jr., Oklahoma City, Okl., for debtor Kampman Farms, Inc.

## MEMORANDUM ORDER

### STATEMENT

DAVID KLINE, Bankruptcy Judge.

This matter came on for hearing after required notice upon the request of plaintiff Kenneth W. Odil to have certain real estate removed from this pending chapter 11 case for the reason that debtor Kampman holds no interest therein. The debtor urges that although it has been in default on its contract for deed with the seller plaintiff, that in essence the debtor is merely delinquent on a mortgage and has a protectable equity in said real estate.

### FACTS

On or about May 1, 1979, plaintiff Kenneth W. Odil and the debtor Kampman Farms, Inc., entered into a contract for deed covering certain real property under which contract Odil was to "sell and convey by a good and sufficient warranty deed" the subject property upon Kampman's payment to Odil of $78,000.00 in installments as follows:

| DUE DATE | AMOUNT |
|---|---|
| 5–18–79 | $7,500 |
| 12–31–79 | 4,500 |
| 7–1–80 | 6,600 |
| 7–1–81 | 6,600 |
| 7–1–82 | 6,600 |
| 7–1–83 | 6,600 |
| 7–1–84 | 39,600 |

The contract also contained the following:

"It is further agreed that ... [Kampman] have the possession of said premises and use thereof after the 1st day of June 1979, and commit no waste nor suffer any to be committed, and to pay all taxes thereon after the year 1979, and keep all fences, buildings and improvements thereon in good condition as they now are, usual wear and tear and inevitable casualty only, excepted.

"Any failure on the part of ... [Kampman] ... to faithfully keep and perform each and all of the above conditions required or to make any of the payments at the time and in the manner above specified, shall render this contract void, the option of ... [Odil] ... may retain all payments as agreed and liquidated damages, and recover immediate possession of said premises."

The contract further bore a notarized "Corporate Acknowledgment" stating in part:

"Before me, a Notary Public in and for the County and State aforesaid, this day personally appeared the above named Kampman Farms, Inc. by Conrad F. Kampman its president and by Verna M. Kampman its secretary, who as such officers for and on behalf of said corporation,

acknowledged (sic) the execution of the foregoing *mortgage*. i. e. (Contract for Deed)" (emphasis added)

Additionally, the contract also bore a County Treasurer's indorsement which indicated that mortgage tax had been paid.

Kampman made the first payment of $7,500.00 which included $500.00 "earnest money" but failed to make further payments. Odil subsequently filed an action to quiet title in Oklahoma state court but which action was stayed by virtue of Kampman's chapter 11 petition filing in this court.

## LAW

*Contracts for deed–Oklahoma case law*

Barker v. Hutton, 109 Okl. 197, 235 P. 170 (1925) states in part:

"The attorneys for the defendant attempt, in their brief, to have this court to construe the contract for deed as a mortgage, and cite a long list of authorities, holding that a deed given as security for a debt, no matter in what form, should be construed by the court as a mortgage. There is no question but what the authorities cited state the law in a proper case, but, in this case, no deed was ever made, but the agreement was only a contract for a deed to be executed by plaintiffs and delivered to defendant after defendant had complied with the conditions of the contract. This he failed to do, and, under such circumstances, the contract cannot be construed as a mortgage as security for the payment of a debt and this condition must be present in any case where the court would be justified in holding such a contract a mortgage. We cannot agree with this contention of attorneys for defendant, and in face of the contract we are forced to conclude that the defendant, having violated every condition of the contract by his failure to pay the contract price and the taxes, and made no offer to perform either before or at the trial, and made no tender of the money due, cannot be held to have any rights as a mortgagor, ..."

The case of *Crowell v. Whitmire*, 548 P.2d 221 (Okl.1976) decided March 23, 1976 held that where purchasers of real property under a sales contract defaulted in their annual installment payments, the sellers were entitled to have their title quieted, recover possession of the property, and retain money paid as liquidated damages as provided in the contract.

*Statute*

Section 11A of Title 16, Okla.Stat., enacted effective April 26, 1976, provides:

"*All contracts for deed* for purchase and sale of *real property* made for the purpose or *with the intention of receiving the payment of money and made for the purpose of establishing an immediate and continuing right of possession of the described real property*, whether such instruments be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, *shall* to that extent *be deemed and held mortgages*, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages. No foreclosure shall be initiated, nor shall the court allow such proceedings, unless the documents have been filed of record in the county clerk's office, and mortgage tax paid thereon, in the amount required for regular mortgage transactions." (emphases added)

## CONCLUSION

■ Although apparently no Oklahoma court has construed the above statute, the statute's wording seems to make clear that all contracts for deed as to realty shall "be deemed and held mortgages" where such contract is made "with the intention of receiving the payment of money and made for the purpose of establishing an immediate and continuing right of possession...."

These two requirements are met by the facts in this case.

■ It is basic that precedential case law may be overruled by a constitutionally valid

statute which establishes a different rule of law. See 20 Am.Jur.2d, Courts § 231. To the extent prior Oklahoma decisional law indicates to the contrary, the Oklahoma Legislature has now declared that contracts for deed shall be treated as mortgages.

Interestingly, the corporate acknowledgment on the contract herein refers to the instrument as a mortgage and that the mortgage tax was paid thereon.

Moreover, affording mortgage treatment to contracts for deed avoids the harsh result which could arise under case law prior to the statute. Under the *Barker* case's language a purchaser of realty who had paid all but an insignificant amount of the purchase price would forfeit all money previously paid and all interest in the property by virtue of such default.

Therefore, the contract for deed involved herein is deemed to be a mortgage and shall be treated as such in further proceedings before this court. Read 11 U.S.C. § 365(b)(1) as to bankruptcy court authority as to executory contracts.

IT IS SO ORDERED.