Lorna M. Alder SOFFE, aka Lorna M. Alder, Plaintiff and Appellant,

v.

Donald Blaine RIDD and Nancy M. Ridd, his wife, Defendants and Respondents.

No. 17342.

Supreme Court of Utah.

March 4, 1983.

Nolan J. Olsen, Midvale, for plaintiff and appellant.

Orval C. Harrison, Salt Lake City, for defendants and respondents.

HOWE, Justice:

Lorna Soffe, the plaintiff below, appeals from a judgment granted on defendants' Donald and Nancy Ridd's counterclaim. The only issue raised by Soffe is whether the court committed error in awarding judgment to the Ridds.

Soffe sold a house on a .70 acre lot to the Ridds under a modified Uniform Real Estate Contract and then sued to re-take possession of the property and terminate the contract when the buyers defaulted. The buyers counterclaimed seeking to avoid a contractually imposed forfeiture of all the monies they had paid under the contract on the ground that such a forfeiture would be unconscionable.

The contract price was $57,500. The buyers made a down payment of $16,500 and thirteen consecutive monthly payments of $325 but failed to make a balloon payment of $10,250 which then fell due.

After seller commenced this action, buyers made no claim of right to the premises but continued to demand return of that portion of the total payments they had made in excess of the fair rental value of the premises during their occupancy. The seller refused the demand, relying upon a contract provision which released her from all obligations to convey the premises and entitled her to retain *all* payments made as liquidated damages (a sum calculated to be $20,725 by the trial court).

The buyers were successful in their counterclaim. The trial court concluded that the only damages proved by the seller were those for loss of possession as measured by fair rental value during buyers' 15-month, 10-day occupancy, as well as costs of clean-up, repair, labor, fire insurance, title insurance and a sewer fee. These items totaled $5,895.50. The court determined that the seller did not sustain the loss of an advantageous bargain and that she was not entitled

to an offset for improvements which she made after re-taking possession which put the premises in better condition than they were in at the time buyers took possession. Accordingly, the trial court offset the seller's actual damages against the buyers' total payments and awarded buyers $14,-829.50 plus accrued interest thereon. Each party was required to bear his or her own attorney's fees and costs.

█ A liquidated damages provision of a contract will not be enforced unless those damages bear some reasonable relationship to actual damages, or as it is sometimes stated, the liquidated damages must not be grossly excessive so as to shock the conscience of the court. *Johnson v. Carman,* Utah, 572 P.2d 371 (1977); *Jacobsen v. Swan,* 3 Utah 2d 59, 278 P.2d 294 (1954); *Perkins v. Spencer,* 121 Utah 468, 243 P.2d 446 (1952). Courts do not ignore contracts nor lightly interfere with them. Only in extreme circumstances where forfeiture would be completely unreasonable and unconscionable does this rule against liquidated damages apply. *Strand v. Mayne,* 14 Utah 2d 355, 384 P.2d 396 (1963) cited by plaintiff is not inconsistent with this rule. In that case the amount buyers lost under the forfeiture provision was not unconscionable because it was roughly proportionate to what they had received in third-party payments and rental value.

Seller assails this rule as allowing trial courts to decide in each case what is unconscionable and to re-write the contract as it sees fit. She points out that had she sold the property on a trust deed she could have foreclosed and received her property back without having to return to the buyer any amount whatever. We reject this argument and reaffirm our confidence in the rule. It is underpinned by a long line of cases of this Court, by text writers and the Restatement of Contracts as explained in *Perkins v. Spencer,* supra. We believe that justice is served well by it. ·The seller overlooks the fact when property is sold on a trust deed or mortgage and is foreclosed by the seller, the buyer has the right to appear at the sale and bid to protect his investment in the property. In the case of a mortgage foreclosure, he is granted a statutory six-month right of redemption. Since the forfeiture of a real estate contract does not afford the buyer these protections, courts of equity are fully justified in protecting buyers against unconscionable forfeitures. We observe that in the instant case had the seller desired to avoid what she now contends is the harsh result of her having to return a large percentage of the amount paid by the buyer, she had the option under paragraph 16C to treat the contract as a note and mortgage and proceed to foreclose the same. This would have required a judicial sale where the seller would have received either the balance owing to her on the contract or she would have received her property back, free of any obligation to pay anything to the buyer.

█ In the present case actual damage and liquidated damage amounts are very disproportionate. Liquidated damages of $20,725 do not bear a reasonable relationship to $5,895 actual damages. We affirm the trial court's conclusion that enforcing the liquidated damages provision in this case would result in an arbitrary penalty against the buyers which would be grossly excessive and disproportionate to the loss sustained by seller.

The seller further complains that the trial court erred in refusing to allow the following additional items of damages to her:

█ 1. Interest paid by the buyers. It would be duplicative to allow the seller an amount equal to the fair rental value of the property during the buyer's occupancy, and also to award the seller interest on the contract balance during the same period of time. In *Johnson v. Carman,* supra, we credited the seller under the facts of that case with the amount of interest which had been paid on the contract, but that was in lieu of rent and not in addition thereto. In the instant case the total interest paid by the buyers on the contract was approximately the same as the amount she was credited with for the fair rental value of the property.

2. Loss of bargain. The plaintiff produced no evidence that the property had diminished in value. Mr. Ridd, one of the buyers, testified that when he and his wife vacated, the property was worth a substantial amount more than the contract price of $57,500.

3. Property taxes. The contract obligated the buyers to pay the property taxes, in addition to the monthly payment of interest and principal. It does not affirmatively appear from the record that the $325 per month allowed by the trial court for the fair rental value of the property covered these taxes. At the oral argument of this case, counsel for the buyers conceded their liability for the taxes during the period of their occupancy. Consequently, that item of damage should have been allowed seller.

4. Real estate commission and title insurance premium to be paid on the re-sale of the property. When the property was sold to the buyers, no real estate commission was incurred by the seller. She did pay a premium for a title insurance policy and this premium was allowed her by the trial court in the determination of her damages. Seller urges that she should also have been allowed a real estate commission to re-sell the property and the title insurance premium that will be again paid on the second sale. There is no evidence that the seller will incur a real estate commission in re-selling the property; but if she does, that commission and the title insurance premium on that sale are properly chargeable to that sale and not to these buyers. The denial of these items was proper.

5. Attorney's fees. Seller and buyers agreed in their contract that should they default in any of the covenants or agreements, the defaulting party should pay a reasonable attorney's fee "which may arise or accrue from enforcing this agreement, or in obtaining possession of the premises covered hereby, or in pursuing any remedy provided hereunder or by the statutes of the State of Utah." We noted in *Fullmer v. Blood,* Utah, 546 P.2d 606 (1976) that this language is much broader than that dealt with in prior cases such as *Forrester v. Cook,* 77 Utah 137, 292 P. 206 (1930), and *Leone v. Zuniga,* 84 Utah 417, 34 P.2d 699, 94 A.L.R. 1232 (1934) where the contract provided for attorney's fees only in actions for its "enforcement" which we held did not include regaining possession when there had been a default. To the same effect see *Jacobson v. Swan,* supra. There is no question in the instant case that the buyers defaulted and the seller was warranted in bringing this action to seek possession and to terminate the contract. Buyers' default made necessary a determination of what amounts seller should return. Provisions in written contracts providing for the payment of attorney's fees should ordinarily be honored by the courts. *Management Services v. Development Associates,* Utah, 617 P.2d 406 (1980). We think that this is true in the instant case where no compelling reasons appear otherwise as we found in *Fullmer v. Blood,* supra.

The judgment below is affirmed except for the denial of property taxes during occupancy and attorney's fees. The case is remanded to the trial court for the purpose of crediting the seller with such taxes and with an attorney's fee reasonably incurred in the trial court and on appeal, which amount shall be determined by the trial court. Costs awarded to plaintiff.

HALL, C.J., STEWART, J., and RONALD O. HYDE, District Judge, concur.

DURHAM, J., does not participate herein.

HYDE, District Judge, sat.

OAKS, Justice, concurring.

I concur in the opinion of the Court, but deem it desirable to clarify one implication of my concurrence.

I do not understand the Court's opinion as casting any doubt on the enforceability of an agreement for liquidated damages where the amount is not "grossly excessive and disproportionate to any possible loss so as to shock the conscience." *Johnson v. Carman,* Utah, 572 P.2d 371, 373 (1977). This rule does not limit liquidated damages

to the amount of actual damages that can be proved. A principal reason for the validity of provisions for liquidated damages is to obviate the expense and controversy entailed in proving actual damages. *Robbins v. Finlay,* Utah, 645 P.2d 623, 626 (1982); *Restatement (Second) of Contracts* § 356 (1981).

The relevance of actual damages in the decisions cited by the Court is two-fold: (1) The relationship between actual damages and liquidated damages is a relevant consideration in determining whether or not the liquidated damages are "grossly excessive and disproportionate to any possible loss." (2) If they are "excessive and disproportionate," as found in this case, the provision on liquidated damages is unenforceable and the injured party can only recover the amount proved as actual damages.